BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  CRAIG C. CHIANG (SBN: 209602)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchiang@buchalter.com

Attorneys for Chapter 11 Trustee
KYLE EVERETT

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 12-46534 MEH |
| PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE, <br><br> Debtor. | Chapter 11 <br><br> **CHAPTER 11 TRUSTEE KYLE EVERETT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS** |

Date: June 27, 2013
Time: 10:30 a.m.
Place: Courtroom, Hon. M. Elaine Hammond
       1300 Clay Street-Courtroom 215
       Oakland, California

Kyle Everett, the duly appointed, qualified and acting Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Pacific Thomas Corporation dba Pacific Thomas Capital dba Safe Storage ("PTC") hereby submits this memorandum in support of his motion for an order authorizing him to sell property of PTC's bankruptcy estate free and clear of liens and interests pursuant to Bankruptcy Code section 363(f).

## I.    SUMMARY OF THE TRUSTEE'S SECTION 363 MOTION

Property of PTC's bankruptcy estate includes the real property located at 2615 E. 12th Street, 2783 E. 12th Street, 2801 E. 12th Street, 1111 29th Avenue, 1113-15 29th Avenue, and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS
BN 14078947v1

Case: 12-46534    Doc# 290    Filed: 05/30/13    Entered: 05/30/13 14:40:46    Page 1 of 9

adjacent, as well as nearby, parking lots, in Oakland, California (the "Property"). The Property houses tenants Performance Contracting, Inc., Budget Truck Rental, Avila Trucking, Mujeres Unidas Activis, local contractor parking, and others, and contains eleven additional buildings that are utilized as self-storage facilities (the "Self-Storage Facility").

The Trustee seeks an order pursuant to 11 U.S.C. §363(f) allowing him to sell the Property free and clear of any interest in the Property claimed by Pacific Trading Ventures or Pacific Trading Ventures, Ltd. (collectively, "PTV") including any leasehold or possessory interest, pursuant to §363(f)(4) (the "Disputed Interest"). The Trustee anticipates that all of the secured creditors with liens against the Property will consent to the sale of the Property pursuant to §363(f)(2).

The Trustee bases his motion on the following grounds: First, the Trustee anticipates that all of the holders of undisputed liens against the Property will consent to the sale pursuant to §363(f)(2). Second, the Trustee anticipates that any sale of the Property will satisfy §363(f)(3), with the sale price of the Property greater than the aggregate value of undisputed liens against the Property; the undisputed liens will reattach to the proceeds from the sale of the Property. Finally, the Trustee will sell the Property free and clear of the Disputed Interest because there is a "bona fide" dispute regarding the legitimacy of the Disputed Interest pursuant to §363(f)(4).

## II.    STATEMENT OF PERTINENT FACTS

At the January 7, 2013 hearing on the Court's Order to Appear and Show Cause why a Chapter 11 Trustee should not be appointed, the Court determined that the lack of candor exhibited by PTC's management, PTC's failure to segregate cash collateral, and the need to examine the transactions between PTC and PTV, warranted the appointment of a Chapter 11 trustee to administer assets of PTC's estate. The Court emphasized that a Chapter 11 trustee was needed to investigate a number of transgressions on the part of PTC's management, including:

> **--The lack of candor by management with the Court and parties in this case regarding the financial operations of the Debtor, the segregation of cash collateral, and the history and terms of key agreements affecting the Debtor's operations including the ongoing issues raised by Pacific Trad(ing) Ventures and … Pacific Thomas Capital.**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

2

The Trustee investigated the transgressions highlighted by the Court and has remedied a number of them, including the improper use of cash collateral generated from the Property.

The Trustee's investigation of the key agreements affecting PTC's operations compelled the Trustee to file suit against PTV, Jill Worsley, and Randall Whitney (the "Defendants") to address the Defendants' disputed assertion that PTC leases the Self-Storage Facility to PTV, when PTV instead served as the manager of the Self-Storage Facility on PTC's behalf. Under a purported lease of the Self-Storage Facility, PTV takes all rents generated from the Self-Storage Facility, estimated at $110,000 to $120,000 each month, and turns over no more than $70,000 to PTC's estate.

On April 11, 2013, the Trustee filed his Complaint for Declaratory Relief, et al. (the "Complaint") commencing an adversary proceeding (the "Adversary Proceeding") seeking a declaration that there is no valid lease of the Self-Storage Facility to PTV. The Declaration of Kyle Everett establishes a "bona fide dispute" regarding the PTV's interest in the Self-Storage Facility. The Complaint is attached to the Declaration of Kyle Everett as Exhibit A.

**A. PTV's Disputed Lease Interest in the Self-Storage Facility.**

On May 22, 2013, PTV and Jill Worsley filed their Answer to the Trustee's Complaint (the "Answer").

In the Answer, PTV and Worsley asserted that, on or about January 1, 2005, PTC and PTV entered into a 5-year written Lease of Improved Industrial/Commercial Property (the "2005 Lease"), through which PTV agreed to lease the Self-Storage Facility and a portion of the Morse Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, California. [Answer, ¶17].

In the Answer, PTV and Worsley denied that, on or about January 1, 2008, PTC and PTV entered into a 5-year written Lease of Improved Industrial/Commercial Property (the "2008 Lease"), through which PTV agreed to lease a portion of the Morse Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, California. [Answer, ¶18].

The Trustee contests the validity of the 2005 Lease, and maintains that PTV instead

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 14078947v1

serves as the manager of the Self-Storage Facility on PTC's behalf, based on the following facts:

1. Jill Worsley is the Secretary of the Board of PTC and the Chief Operating Officer of PTV. PTV serves as the manager of PTC's Self-Storage Facility through a Management Agreement dated as of January 9, 2003 (the "Management Agreement"). The Management Agreement provides for PTV to "serve as the property manager of **PTC's entire self-storage facility**…." (Emphasis added). The Management Agreement, as amended on January 1, 2011, provides for compensation of the greater of $2,000 per month or 6% of gross revenue.

2. To date, PTV failed and refused to turn over the rents generated from the Self-Storage Facility, claiming (1) that PTC leased the entire Self-Storage Facility and 1500 square feet of the Morse Building to PTV pursuant to the 2005 Lease, and (2) that the 2005 Lease allows PTV to keep all Safe Storage Facility rents, estimated at $110,000 to $120,000 each month, in return for $70,000, a figure provided in a lease modification dated August 1, 2012, that PTC and PTV entered into *less than one week before PTC's August 6, 2012 bankruptcy filing*.

3. Based on my review of the 2010, and 2011 income tax returns and QuickBooks for PTC, the operations of the Self-Storage Facility have been included in PTC's sworn income tax statements, with (a) all storage tenant rents deposited into PTC's bank accounts; (b) all expenses of the Self-Storage Facility operations included in PTC's income tax returns, including a management fee paid to PTV on account of the storage tenant rents, and (c) the land, buildings, fixtures, computers and equipment associated with the Self-Storage Facility included in PTC's income tax returns. Statement 4 of the 2010 tax return includes the expense "Legal & Accounting" of $148,211; this includes $130,689 of management fees for PTV which includes the Safe Storage properties. Statement 4 of the 2011 tax return includes the expense "Legal & Accounting" of $125,491; this includes $83,515 of management fees for PTV which includes the Safe Storage properties. Relevant pages of PTC's 2010 and 2011 income tax returns are attached to the Declaration of Kyle Everett as Exhibit B.

4. Both Randall Whitney and Jill Worsley executed a Promissory Note dated

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS

BN 1407894?v1

July 27, 2007, on behalf of the Borrower, Pacific Thomas Corporation, that states: "[Summit] Bank to approve all leases and tenancies affecting the property, and all documentation in connection to the leases entered into by Borrower prior to closing. Prior to closing Borrower shall provide to Bank, on Bank's form, executed estoppel certificates and non-disturbance and subordinations agreements form (sic) each tenants with the exception of self-storage tenants if applicable. As of 7-16-07, Borrower does not have tenants." (Emphasis added.) A copy of the Promissory Note is attached as Exhibit C to the Declaration of Kyle Everett.

5.     At the January 7, 2013 hearing on the Court's Order to Appear and Show Cause why a Chapter 11 Trustee should not be appointed, Randall Whitney acknowledged and authenticated his and Jill Worsley's signatures to a lease dated 2008 between PTC and PTV that includes only 1500 square feet of the Morse Building located at 2783 East 12th Street and does not include the Safe Storage Facility (the "2008 Lease").

6.     The 2008 Lease, which was authenticated by PTC, is entirely inconsistent with the 2005 Lease. The 2005 Lease states that it is for a term of five years and includes the lease of 1500 square feet at the Morse Building.

The Adversary Proceeding evidences a "bona fide" dispute regarding PTV's interest in the Self-Storage Facility that authorizes the Trustee's sale of the Property free and clear of the Disputed Interest under §363(f)(4).

B.  **The Secured Creditors' Liens in the Property.**

The Self-Storage Facility is encumbered by the following liens:

1.     A Deed of Trust dated December 18, 2008 in favor of First Santa Clara Corporation, as trustee, for the benefit of Bank of the West, as beneficiary, with respect to the real property commonly known as 2615 East 12th Street, Oakland, California, which was recorded on December 24, 2008 in the Official Records of the Alameda County Recorder's Office; and

2.     A Deed of Trust dated July 27, 2007 in favor of Summit Bank, with respect to real property commonly known as 1113-15 29th Avenue, Oakland, CA, additional parcels assigned Assessor's Parcel Numbers 19-102-4, 25-693-8, and 25-697-7-15, and as set forth in

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS
BN 14078947v1

detail in the Deed of Trust, which was recorded on August 2, 2007 in the Official Records of the Alameda County Recorder's Office.

## III. THE TRUSTEE IS PERMITTED TO SELL THE PROPERTY FREE AND CLEAR OF THE DISPUTED INTEREST UNDER SECTION 363(f)(4).

The Trustee's proposal to sell the Property, including the Self-Storage Facility, should be approved notwithstanding the disputed interest of PTV because there is a bona fide dispute involving any interest claimed by PTV.

The Trustee contests the validity of the 2005 Lease. On April 11, 2013, the Trustee commenced the Adversary Proceeding, seeking a declaration that the disputed interests of PTV in the Self-Storage Facility are invalid. The Complaint and the Declaration of Kyle Everett establish a "bona fide dispute" regarding the Disputed Interest.

### A. The "Bona Fide" Dispute Standard.

Section 363(f)(4) allows the Trustee to sell property of the estate free and clear of any interest in the property if such interest is "in bona fide dispute." In order to establish a bona fide dispute, the Trustee need only show that there is a dispute concerning the disputed interests of PTV in the Self-Storage Facility. The Trustee is not required to establish the merits of the dispute or a likelihood that he will prevail on the merits of the dispute. Courts have granted 363(f)(4) motions in cases involving disputed leaseholds and possessory interests. *Hill v. MKBS Holdings, LLC*, 307 B.R. 821 (Bankr.W.D. Pa 2004); *Precision Industries v. Qualtech*, 327 F. 3d 527 (7th Cir. 2003); *In re Downtown Athletic Club of New York*, 2000 U.S.Dist.Lexis 7917 (S.D.N.Y. 2000).

As explained in *In re Collins*, 180 B.R. 447, 452 (Bankr. E.D. Va 1995), in interpreting the phrase "bona fide dispute" in §363(f)(4), "interpretations of bona fide dispute under §303 have been illustrative…. [T]his standard does not require the Court to resolve the underlying dispute, just determine its existence." A bona fide dispute exists where there is an "objective basis for either a factual or legal dispute…." *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057 (1064) (9th Cir. 2001)(quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987). The "statute does

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1    not require the court to determine the outcome of any dispute, only its presence or absence."

2    *Busick* at 750.

3    Here, the Adversary Proceeding seeks declaratory relief to address the invalidity of the

4    PTV's purported interests in the Self-Storage Facility and is sufficient to satisfy the "bona fide

5    dispute" standard. While the Trustee is not required to make an evidentiary showing in support of

6    his claim that a "bona fide dispute" exists, the Trustee has submitted the Complaint and an

7    extensive declaration, which supports the position that PTV's purported interests in the Self-

8    Storage Facility is disputed and invalid.

9    **B. The Adversary Complaint and the Declaration of Kyle Everett Establishes a**

10   **"Bona Fide Dispute".**

11   The factual and legal basis for the Trustee's claims against the Defendants is set forth in

12   the Complaint and the Declaration of Kyle Everett.

13   The Complaint sets forth the "bona fide dispute" between the Trustee and PTV, and

14   includes subject documents that establish a "bona fide dispute":

15   1.    Plaintiff is informed and believes, and based thereon alleges that, on
     or about January 9, 2003, PTC and PTVL entered into a written Management
16   Agreement (the "Management Agreement"), through which PTVL agreed to
     provide property management services to PTC at PTC's self-storage facilities
17   located at 2619 East 12th Street in Oakland, California (the "Self-Storage
     Facility"), which are located on, and represent a portion of, the Premises, including
18   agreeing to maintain, to operate, to manage, and to supervise the Self-Storage
     Facility, in exchange for a start-up management fee of $2,500, the greater of
19   $1,500 per month or 6% of gross revenue, among other agreed-upon
     compensation. A copy of the Management Agreement is attached [to the
20   Complaint] as **Exhibit "1."**

21   2.    Plaintiff is informed and believes, and based thereon alleges, that on
     or about January 1, 2011, PTC and Pacific Trading Ventures, dba Safe Storage
22   Management Company entered into an Amended Management Agreement (the
     "Amended Management Agreement"), through which they agreed to amend the
23   Management Agreement to provide for PTC's payment of the greater of $2,000 per
     month or 6% of gross revenue, among other agreed-upon compensation. A copy
24   of the Amended Management Agreement is attached [to the Complaint] as **Exhibit**
     **"2."**
25
     3.    Plaintiff is informed and believes, and based thereon alleges, that
26   one or more of the Defendants alleges that, on or about January 1, 2005, PTC and
     PTV entered into a 5-year written Lease of Improved Industrial/Commercial
27   Property ("2005 Lease"), through which PTV agreed to lease buildings A-K,
     which purports to include the Self-Storage Facilities, and a portion of the Morse

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE
AND CLEAR OF CERTAIN INTERESTS

BN 14078947v1

Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, CA, in exchange for a monthly rental fee of $2,500 in addition to the "greater amount of $22,500 or 40% of the property net operating income proceeds...." A copy of the 2005 Lease is attached [to the Complaint] as **Exhibit "3."**

4.      Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants alleges that, on or about January 1, 2008, PTC and PTV entered into a 5-year written Lease of Improved Industrial/Commercial Property ("2008 Lease"), through which PTV agreed to lease a portion of the Morse Building, consisting of approximately 1500 square feet, located at 2783 East 12th Street, Oakland, CA, in exchange for a monthly rental fee of $2,500. A copy of the 2005 Lease is attached [to the Complaint] as **Exhibit "4."**

In the Answer, PTV and Worsley asserted that, on or about January 1, 2005, PTC and PTV entered into the 2005 Lease, through which PTV agreed to lease the Self-Storage Facility and a portion of the Morse Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, California. [Answer, ¶17]. In the Answer, PTV and Worsley also denied that, on or about January 1, 2008, PTC and PTV entered into the 2008 Lease, through which PTV agreed to lease a portion of the Morse Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, California. [Answer, ¶18]. This denial is directly contrary to Randall Whitney's testimony authenticating the signatures on the 2008 Lease.

The Complaint and the Declaration of Kyle Everett establish the existence of a "bona fide dispute" regarding the validity of the PTV's interests in the Self-Storage Facility.

It is clear that the 2005 Lease is null and void, and unenforceable against PTC's estate. Whitney and Worsley acknowledged in the July 27, 2007 Promissory Note that PTC had no tenants. Had the Self-Storage Facility been the subject of a lease to PTV entered into in 2005, then Whitney and Worsley lied when they executed the Promissory Note in 2007. If the rents from the Self-Storage Facility tenants belonged to PTV, then PTC falsely included the operations of the Self-Storage Facility into PTC's income tax returns. If the Management Agreement does not include the Self-Storage Facility, then its appointment of a property manager for "<u>PTC's entire self-storage facility</u>" does not mean what it clearly says.

## IV.    CONCLUSION

The Trustee has demonstrated that there is a bona fide dispute over PTV's interest in the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS

Self-Storage Facility.  As such, it is proper under 11 U.S.C. §363(f)(3) to authorize the Trustee to sell the Property, including the Self-Storage Facility, free and clear of the Disputed Interest.  The Trustee believes that it is in the best interest of the estate to sell the Property, and that a delay in selling the Property would be detrimental to the estate.  If the Property is not sold now, there is a risk that the Property could be lost to foreclosure.

DATED:  May 30, 2013

BUCHALTER NEMER
A Professional Corporation


By: /s/ Craig C. Chiang
Craig C. Chiang
Attorneys for Chapter 11 Trustee
KYLE EVERETT

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS

BN 14078947v1