JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C. (Bar No. 76950) rbk@jmbm.com
WALTER W. GOULDSBURY III (Bar No. 240230) wwg@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Secured Creditor BANK OF THE WEST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND)

In re:

PACIFIC THOMAS CORPORATION,
dba PACIFIC THOMAS CAPITAL,

Debtor in Possession.

CASE NO. 12-46534

Chapter 11

**RESPONSE OF BANK OF THE WEST TO MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS**

Date: June 27, 2013
Time: 11:30 a.m.
Judge: Hon. M. Elaine Hammond
Place: Courtroom 215

Secured creditor Bank of the West ("Bank") files this response not to *per se* object to the Motion to Sell Real Property Free and Clear of Certain Interests ("Motion") filed by Kyle Everett, the Chapter 11 Trustee ("Trustee"), but for the purpose of raising the issue of what impact the granting of the Motion will have on the value of the Self-Storage Facility during the sale marketing process[1]. Specifically, the Motion does not address the Trustee's position on who is the lessor under the underlying leases with the tenants occupying the Self-Storage Facility. If Pacific Trading Ventures ("PTV") is the lessor under the leases with the underlying tenants, then if the

---
[1] All capitalized terms not otherwise defined therein shall have the meanings ascribed to them in the Motion to Sell Real Property Free and Clear, etc. filed by the Chapter 11 Trustee.

- 1 - RESPONSE OF BANK OF THE WEST TO MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS

Motion is granted and the Self Storage Facility is later sold free and clear of PTV's disputed lease with Pacific Thomas, then the underlying leases with the tenants will terminate upon the closing of the sale of the Self-Storage Facility. As the value of the Self-Storage Facility is driven by the income stream from the rental of storage units, and if the underlying leases will terminate upon the closing of a sale of the Self-Storage Facility, this impacts the value of the Bank's collateral and could affect the purchase offers received during the sale marketing process. As a result, the Bank believes that this is the appropriate time to raise this issue and requests that the Trustee address what his position is with respect to the underlying leases with the tenants and the impact on the value of the Self-Storage Facility during the sale marketing process in connection with the hearing on the Motion.

Moreover, while the Bank supports the concept of a sale of the Self-Storage Facility, the Motion states that the "Trustee anticipates that all of the holders of undisputed liens against the Property will consent to the sale", since there is no motion to approve the sale of the Property, the Bank reserves all rights with respect to same if and when a sale motion is presented.

DATED: June 13, 2013

JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
WALTER W. GOULDSBURY III


By: */s/ Walter W. Gouldsbury III*
WALTER W. GOULDSBURY III
Attorneys for Secured Creditor BANK OF THE WEST

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

### *In re: Pacific Thomas Corporation Case No. 12-46534*

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On June 13, 2013 I served the document(s) described as

RESPONSE OF BANK OF THE WEST TO MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS

in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on June 13, 2013 at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Angela Pereira
Angela Pereira

## SERVICE LIST

Pacific Thomas Corporation
1818 Mt. Diablo Blvd.
Suite D
Walnut Creek, CA 94596
(Debtor)

Anne-Leith Matlock, Esq.
1485 Treat Blvd. Suite 200
Walnut Creek, CA 94597
Email: anne-leith@matlocklawgroup.com
(Attorneys for Debtor)

*U.S. Trustee*
Office of the U.S. Trustee / Oak
1301 Clay Street, Suite 690N
Oakland, CA 94612
(510) 637-3200

2