David M. Sternberg (SBN 96107)
Jacob M. Barlev (SBN 235439)
DAVID M. STERNBERG & ASSOCIATES
Attorneys at Law
540 Lennon Lane
Walnut Creek, CA 94598
Telephone: (925) 946-1400
Facsimile: (925) 932-6986
Attorneys for Pacific Trading Ventures, LTD.;
PTVL, a Nevada corporation; and V. Jill Worsley

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,

     Debtor.
_____/

KYLE EVERETT, CHAPTER 11 TRUSTEE,

     Plaintiff,

v.

RANDALL WHITNEY aka RANDALL C.M. WHITNEY aka RANDALL WORSLEY aka RANDALL C.M. WORSLEY, et al.,

     Defendants.
_____/

Bankruptcy Case No. 12-46534 MEH

CHAPTER 11

Date: 06/27/13
Time: 10:30 a.m.
Room: 215
*The Honorable M. Elaine Hammond*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN INTERESTS**

# TABLE OF CONTENTS

Page

I. BACKGROUND FACTS ................................................................. 1

II. PROCEDURAL FACTS ................................................................. 2

III. ARGUMENT .................................................................................. 3

    A.    The Notice of the Trustee's Motion Is Defective on its Face as it Fails to Identify the Lienholders and Other Interest Holders Whose Property Rights Are Affected by the Motion ........................................................... 3

    B.    Section 363(f)(4) Does Not Permit the Sale of the Property Free and Clear of the Interest Where No Bona Fide Dispute Exists .................................. 3

        1.    The Adversary Proceeding Alone Is Not Sufficient Evidence That a Bona Fide Dispute Exists at it Alleges Conclusory Allegations and Fails to Include Facts in Support of Those Conclusions ............................. 5

        2.    The Trustee's Declaration Is Not Sufficient Evidence That a Bona Fide Dispute Exists as it Is Riddled with Objectionable Evidence and Alleges Conclusory Allegations ............................................................. 5

            (i)    the Trustee Fails to Allege Through His Declaration That the 2007 Promissory Note Proves PTVL1 Lied When the Note Was Executed ........................................................................... 6

            (ii)    The Trustee's Assertion in His Declaration Contesting the Validity of the 2005 Lease Does Not Prove That the 2005 Lease Is Invalid 7

            (iii)    The Trustee's Assertion in His Declaration That the 2010 Through 2011 Income Tax Returns for Debtor Show the Operations of the Self Storage Facilities Were Included in Debtor's Income Tax Returns Does Not Prove That the 2005 Lease Is Invalid ........ 9

    C.    If the Trustee's Motion to Sell Property Is Granted, PTVL must Be Adequately Protected ............................................................................... 10

IV.    CONCLUSION ............................................................................. 11

**Other**

H.R.Rep. No. 595, 95th Cong. 1st Sess. 345–346 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6301–03, Congressional Record Statements .................. 11

L. King, Collier on Bankruptcy, ¶ 363.06[6][a], at 363–51 (15th ed. Supp.2004) .......... 11

Pacific Trading Ventures, LTD., doing business as Safe Storage Management Company ("PTVL"), a Nevada corporation, and V. Jill Worsley (collectively "Non-Debtors" and/or "Responding Parties") hereby file this Opposition to Chapter 11 Trustee Kyle Everett's Motion to Sell Real Property Free and Clear of Certain Interests ("Opposition") as follows:

## I. **BACKGROUND FACTS**

The above-captioned Chapter 11 case was filed on August 6, 2012. The debtor, PACIFIC THOMAS CORPORATION ("Debtor" or "PTC"), operated the Chapter 11 as debtor-in-possession until KYLE EVERETT ("Trustee") was appointed Chapter 11 Trustee on January 16, 2013. PTVL is a tenant of three properties that are owned by the Debtor as follows: (1) 2615 E. 12th Street, which operates a self storage facility known as SAFE STORAGE with approximately 400 subtenants; (2) 1115 29th Avenue, which operates another self storage facility known as SAFE STORAGE with approximately 350 subtenants; and (3) 2783 E. 12th Street, a portion thereof which is the sales office for SAFE STORAGE (collectively "Self Storage Facilities"). (See Jill Worsley Declaration ["Worsley Decl."], ¶3.) The Debtor's entire property consists of real property located at 2783 E. 12th Street, 2615 E. 12th Street, 1111 29th Avenue, 1113-1115 29th Avenue, and adjacent as well as nearby parking lots in Oakland, California (the "Subject Property").

In January 2003, a management agreement was drafted between the Debtor and Non-Debtors. (See Exhibit 1 to Complaint; Worsley Decl., ¶4.) The management agreement gave PTVL the obligation to manage the Subject Property on behalf of the lessor Debtor, or the predecessor of Everett. This management agreement was superseded by a lease that was entered between the Debtor and PTVL in January 2005. (See Exhibit 3 to Complaint filed by Everett [hereinafter referred to as the "2005 Lease"]; Worsley Decl., ¶5.) A draft version of this lease was prepared but was never used by PTVL. (See Exhibit 4 to Complaint; Worsley Decl., ¶5.) Apparently, Exhibit 4 was discovered by Everett when he reviewed the records of the Debtor. This unused lease stated that it was actually entered on January 1, 2008, but this is a typographical error because, in Article 2 of Exhibit 4, the term is for five years from January 1, 2005 and this was actually executed in 2005. (See Worsley Decl., ¶5.)

Pursuant to the 2005 Lease (Exhibit 3 to Complaint), PTVL leased the entire Self Storage

facility and 1,500 square feet of the Morse Building located at 2783 East 12th Street, Oakland, California for $2,500 and the greater of $22,500 or five (5) percent of net operating income proceeds, which came out to be approximately $25,000 per month. (See Worsley Decl., ¶7.)

On January 1, 2011 the management agreement was amended which applied to the other non-storage facilities that PTVL managed on behalf of Debtor PTC, which did not supersede or void the 2005 Lease.

On the eve of bankruptcy, August 1, 2012, Debtor and PTVL entered into an amendment to the 2005 Lease raising the rent from $25,000 to $70,000. (See Worsley Decl., ¶8.) The lease was entered into with the understanding that Debtor would be operating a Chapter 11 bankruptcy and operating the business, and there was no reason that Debtor would enter into this lease other than to help the Chapter 11 estate. (See Worsley Decl. ¶8.)

## II. **PROCEDURAL FACTS**

On April 11, 2013, the Trustee filed a Complaint against Responding Parties and Randall Whitney ("Defendants") for declaratory relief, accounting, turnover and injunctive relief, seeking a determination of the validity of the leases between Debtor and PTVL. That same day, the Trustee filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction which was set for hearing on April 26, 2013. On April 12, 2013, the Court ordered a temporary restraining order against Defendants. At the April 26, 2013 hearing, the parties entered into an agreement that was read into the record in open Court which addressed turning over and/or reviewing business records and premises rents. Thereafter, the Court entered said order on May 14, 2013.

On May 22, 2013, the Responding Parties filed their Answer ("Answer") to the Trustee's Complaint. On May 30, 2013, the Trustee filed a Motion to Sell Real Property Free and Clear of Certain Interests ("Motion") seeking an order pursuant to 11 U.S.C. section 363(f)(4) to allow him to sell the Subject Property free and clear of any interest in the Subject Property, including any leasehold or possessory interest in the Subject Property claimed by PTVL which consists of the Self Storage Facilities. However, the Trustee neglects to establish in his Motion that he is entitled to such

relief, as he has failed to demonstrate that there is a bona fide dispute. Nor has he not provided for any adequate protection for PTVL, and thus, it is not properly protected.

Accordingly, PTVL hereby objects to the Trustee's Motion because the Notice of the Motion is defective on its fact and there is no bona fide dispute which would give authority for the Trustee to sell the Subject Property free and clear under 363(f)(4). If the Court is inclined to grant the Trustee's Motion over PTVL's objections, PTVL requests that the Trustee provide protection of its interest, including holding at least $1,400,000 in cash without any other lien attaching.

### III. ARGUMENT

**A.    The Notice of the Trustee's Motion Is Defective on its Face as it Fails to Identify the Lienholders and Other Interest Holders Whose Property Rights Are Affected by the Motion.**

Pursuant to Bankruptcy Local Rule 6004-1(a), "[a] motion to sell free and clear of liens under 11 U.S.C. § 363(f) **shall identify by name, immediately below the caption, the lienholders and other interest holders whose property rights are affected by the motion**. The affected lienholders and other interest holders shall be served with a complete set of moving papers pursuant to Bankruptcy Rule 7004(b)." (Bold Emphases Added)

Here, the Notice of Motion is defective on its face as the Trustee fails to properly comply with the United States Bankruptcy Court, Northern District of California's local rules by failing to identify the lienholders and other interested holders, which include PTVL and its property rights which are going to be affected by the Trustee's Motion. The rule specifically requires that a moving party must state in the title of their Notice below the caption the party to which relief is directed. In the absence of proper notice, an order approving the sale ordinarily will be void. (See *Matter of Mooney Aircraft, Inc.* (5th Cir. 1984) 730 F2d 367, 37.) As such, the Notice is ineffective. Accordingly, the Motion should be denied.

**B.    Section 363(f)(4) Does Not Permit the Sale of the Property Free and Clear of the Interest Where No Bona Fide Dispute Exists.**

The Trustee bases his Motion as against PTVL on the ground that there is a bona fide dispute regarding the legitimacy of the 2005 Lease pursuant to section 363(f)(4). In support of his argument, the Trustee contends that a bona fide dispute exists regarding PTVL's leasehold interest in the Self

Store Facilities based upon: (1) the filing of the Trustee's Adversary Proceeding against both PTC and PTVL; and (2) the Declaration of Kyle Everett which the Trustee claims establishes a "bona fide dispute." However, the Trustee's reliance on these arguments is misplaced for the following reasons and as set for below in more detail.

Section 363(f) of the Bankruptcy Code sets forth five alternative conditions that must be satisfied for the Court to authorize a Debtor via a Trustee to sell its property free and clear of interests of third parties, like PTVL.

Section 363(f)(4) of the Bankruptcy Code provides in pertinent part:

> The trustee may sell property under subsection (b) or ( c) of this section free and clear of any interest in such property of an entity other than the estate, only if ... (4) such interest is in bona fide dispute.

The term "bona fide dispute" is not defined in 11 U.S.C. § 363(f)(4). However, many courts have stated that courts must determine "whether there is an objective basis for either a factual or legal dispute as to the validity of the debt." *In re Busick*, 831 F.2d 745, 750 (7th Cir.1987); *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr.N.D.Ill.1991). Courts utilizing this definition have held the parties to an evidentiary standard; meaning that evidence must be provided to show factual grounds that there is an "objective basis" for the dispute. Moreover, the Trustee has the burden of establishing the existence of a bona fide dispute. *Scherer v. Fed. Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821 (N.D.Ill.1993); Although section 363(f) of the Bankruptcy Code permitting a Trustee to sell estate property free and clear of any interest does not define interest, leaseholds are such an "interest." *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284-85 (7th Cir.2002).

The courts of the Ninth circuit have not yet considered whether a sale by a debtor/lessor under § 363(f) terminates a tenant's leasehold. Various lower court cases are split on this issue. Several courts in other jurisdictions have ruled that a lease may not be sold in a § 363(f) sale in an attempt to evade a tenant's § 365(h) rights. In re Haskell L.P., 321 B.R. 1 (Bankr.D.Mass.2005) In re Samaritan Alliance, LLC, No. 07–50735, 2007 WL 4162918 (Bankr.E.D.Ky. Nov. 21, 2007). Moreover, a recent court case decided this year determined that it was not possible for the Court to

conclude that there was a "bona fide dispute" under § 363(f)(4) as to the validity of a Lessee's leasehold interest on an objective basis. *In re Patriot Place Ltd.*, 486 B.R. 773 (Bankr. W.D. Texas, 2013)

In the present case, the Trustee argues that the Adversary Proceeding itself and his declaration alone establishes a "bona fide dispute." However, there is no objective basis for either a factual or legal dispute as to the validity of the dispute.

### 1. The Adversary Proceeding Alone Is Not Sufficient Evidence That a Bona Fide Dispute Exists at it Alleges Conclusory Allegations and Fails to Include Facts in Support of Those Conclusions.

The Trustee alleges that filing an Adversary Proceeding is sufficient evidence that a bona fide dispute exists. However, the Adversary Proceeding does plead any factual grounds which would indicate that there is a bona fide dispute. Rather, the Trustee has only plead conclusory allegations without any facts in his Complaint supporting his claims against PTVL. The Trustee fails to include facts that show how the 2005 Lease is allegedly null and void, nor does he plead facts that Debtor PTC was involved in a scheme to deprive the Trustee of the ability to recover funds for the bankruptcy estate of Debtor. The Trustee **does not plead** facts: (I) that PTVL concealed or misrepresented the true status of income and expenses from the Self Storage Facilities, (ii) that PTVL siphoned funds that the Trustee alleges properly belonged to Debtor's bankruptcy estate, or (iii) that the 2005 lease was null and void (Emphasis added). What the Trustee relies on, instead, is the conclusory assertion that PTVL has failed to turn over rents from the Safe Storage Facilities that allegedly belong to PTC's bankruptcy estate, as the Trustee believes that the 2005 Lease was null and void and was a sham created to siphon funds that properly.

Based upon these conclusions, there is no substantial evidence before this Court which shows there is a bona fide dispute. Accordingly, the Trustee's Motion should be denied.

### 2. The Trustee's Declaration Is Not Sufficient Evidence That a Bona Fide Dispute Exists as it Is Riddled with Objectionable Evidence and Alleges Conclusory Allegations.

The Trustee argues that his Declaration establishes a bona fide dispute. The Trustee's contentions are based upon three allegations alleged in the Motion which include: (1) The 2007

promissory note entered between Debtor and Summit, which is ambiguous, has hidden in the third page under the paragraph entitled "Approval of Lease," language that states there are no tenants as of July 16, 2007; (2) The Trustee contests the validity of the 2005 Lease and (3) the 2009 through 2011 income tax returns for Debtor show that the operations of the Subject Property were included in Debtor's income tax returns. The Trustee would like there to be a dispute between the Trustee and PTVL so he can sell the leasehold interest from PTVL right from under it. However, the Trustee's reliance on these arguments are misplaced due to the reasons listed below.

(i) the Trustee Fails to Allege Through His Declaration That the 2007 Promissory Note Proves PTVL1 Lied When the Note Was Executed.

The Trustee does not specify what the issue is regarding the 2007 Promissory Note ("Note") anywhere in his declaration under oath. Rather, the Trustee mentions generally in his Motion that "Randall Whitney and Jill Worsely executed a Promissory Note dated July 27, 2007, on behalf of borrower, PTC, that states: '[Summit] Bank to approve all lease and tenancies affecting the property, and all documentation in connection to the leases entered into by Borrower prior to closing. Prior to closing Borrower shall provide Bank, on Bank's form, executed estoppel certification and non-disturbance and subordinations agreements form (sic) each tenants with the exception of self-storage tenants if applicable. As of 7-16-07, Borrower does not have tenants.' (Emphasis added.)." The Trustee states that a copy of the Note is attached as Exhibit "C" to the Trustee's declaration without any explanation.

While not stated in his declaration or in the Motion, it is presumed that the Trustee is claiming the 2005 Lease was null and void based upon the Trustee's belief that either Debtor and/or Worsley lied when they executed the 2007 Promissary Note, as it stated that Borrower had no tenants. However, there is no evidence before the Court which shows that Responding Parties lied when the Note was executed in 2007 as the Trustee infers and would have the Court believe. Instead, the Trustee argues through supposition in his memorandum of points and authorities that there was some dispute.

Arguing the applicable facts in a memorandum of points and authorities is improper and insufficient, because a memorandum of points and authorities does not constitute evidence. The facts

must be proven by declarations or other admissible evidence as part of the motion. California Northern District Local Bankruptcy Rule 9013-1(d); affidavits and declarations must comply with Federal Rule of Civil Procedure ("FCRP") 56(e).

In this case, the 2007 Promissory Note entered between Debtor and Summit, which is ambiguous, has hidden in the third page under the paragraph entitled "Approval of Lease," language which states there are no tenants as of July 16, 2007, although in that same paragraph, it excludes SELF STORAGE tenants. The Note was written by Summit Bank, which was ambiguous. Any ambiguities in a contract of adhesion must be construed against the drafter. *Meyers v. Guarantee Sav. & Loan Assn.* (1978) 79 Cal.App.3d 307, 144 Cal.Rptr. 616.

Here, Worsley and PTVL interpreted the contract to mean that it did not have any tenants other than the self storage tenants of PTVL. Obviously, the SELF STORAGE units had many tenants at the time of the execution of the 2007 Promissory Note. Summit Bank was aware that there were over 750 leases that PTVL had entered into with its tenants when it loaned the monies to Debtor. Upon execution of the Summit Bank Note by Jill W. Worsley, she understood that there was no need to provide the SAFE STORAGE lease because Denise Dodini, George Yang and Summit Bank were aware of its existence and that SAFE STORAGE was excluded. (See Worsley Declaration In Support of Opposition to Trustee's Injunction Motion, ¶9, Request for Judicial Notice of Worsley's Declaration In Support of Opposition to Trustee's Injunction Motion per FRE 201).

Based upon the Trustee's arguing the facts in his memorandum and lack of factual support in his declaration, there is no substantial evidence before this Court which shows there is a bona fide dispute. Accordingly, the Trustee's Motion should be denied.

(ii) **The Trustee's Assertion in His Declaration Contesting the Validity of the 2005 Lease Does Not Prove That the 2005 Lease Is Invalid.**

The Trustee contests the validity of the 2005 Lease as alleged in his declaration which he claims establishes a bona fide dispute. However, the Trustee's declaration is rife with inadmissable hearsay, double hearsay evidence, lacks foundation and includes inadmissable opinion evidence.

In support of this opinion contesting the validity of the 2005 Lease, the Trustee mentions in his declaration that PTVL admitted it filed an Answer to the Trustee's Complaint which

acknowledged that PTVL entered into the 2005 Lease (see ¶7 of Trustee Kyle Everett's Declaration) and denied it had entered into a lease in 2008 (See ¶8 of Trustee Kyle Everett's Declaration.) The Trustee goes on to allege, in paragraph nine of his declaration, that he contests the validity of the 2005 Lease based upon his belief that PTVL instead serves as manager of the Self Storage Facilities on Debtor PTC's behalf, as Jill Worsley is the Secretary of the Board of PTC and the Chief Operating Officer of PTVL, that PTVL serves as the manager of PTC's Self Storage Facilities through a Management Agreement dated as of January 9, 2003 which provides for PTVL to "serve as the property manger of PTC's entire self storage facilit[ies]...," and that there is a 2011 Amended Management Agreement which applies to all of the Self Storage Facilities. The Trustee does not specify what the issue is regarding the 2005 Lease anywhere in his declaration under oath. Rather, the Trustee claims in his Motion that the 2005 Lease is entirely inconsistent with the purported 2008 Lease. (See page 5, ¶6 of Trustee's Motion.)

A declaration or affidavit must: be based on personal knowledge; state "facts that would be admissible in evidence (i.e., evidentiary facts, not conclusions); and show that the affiant is competent to testify to the matters stated" (i.e., no inadmissible hearsay or opinions). (FRCP 56(e), incorporated by reference in FRBP 7056 and made applicable to contested matters by FRBP 9014 ( c)). Evidence is "hearsay" if it is a "statement" (or assertive conduct); made out-of-court—i.e., other than by a witness testifying at the current trial; offered to prove the truth of the matter asserted. [Ev.C. § 1200(a); see also FRE 801( c).]

Here, paragraph 9(a) of the Trustee's declaration contains hearsay statements as set forth in the objections filed concurrently herewith, as there is no competent evidence that refutes the fact that there was originally a 2003 Management Agreement which was superseded by a 2005 Lease, which Lease was amended on August 6, 2012. The Trustee's claim that PTVL currently serves as the manager of PTC's Self Storage Facilities is not only factually incorrect, but it hearsay as it is an out-of-court statement used to prove the truth of the matter asserted.

Paragraph 9(a) also contains statements that are irrelevant as set forth in objections filed concurrently herewith, as the 2003 Management Agreement was superseded by the 2005 Lease. The

2011 Amended Management Agreement that the Trustee's mentions, applies to the other non-storage facilities that PTVL managed on behalf of Debtor PTC, which the Trustee failed to address in his declaration. (See Worsley Decl., ¶7.) Instead, the Trustee states his belief that PTVL serves as manager of Debtor PTC's Self Storage Facilities through an existing Management Agreement, which has been shown to be superseded by the 2005 Lease.

While the Trustee does not clearly explain it in his declaration, the Trustee believes there is an inconsistency between the 2005 Lease and the purposed 2008 Lease and the 2003 Management Agreement and 2011 Amended Management Agreement, and based upon this inconsistency, the 2005 Lease of PTVL is invalid. However, this belief is an opinion. An opinion is an inference or conclusion the witness draws from his or her observations. [*Wheeler v. St. Joseph Hosp.* (1977) 63 Cal.App.3d 345, 362.) Statements based solely on the declarant's opinions as to the facts generally do not satisfy the personal knowledge requirement. The opinion evidence is inadmissible unless it satisfies the prerequisites to receipt of opinion evidence by a witness testifying at trial. (Ev.C. §§ 800 & 801.) [*Estate of Huntington*, (1976) 58 Cal.App.3d 197, 209-210– declarant's statement regarding possible meaning of term "descendants" in trust instrument excluded as inadmissible lay opinion.] The Trustee is making a unilateral determination as to the possible meaning of the Leases and Management Agreements.

Based upon the inadmissable hearsay statement, the irrelevant statements and inadmissable opinion statements by the Trustee, there is no substantial evidence before this Court which shows there is a bona fide dispute. Accordingly, the Trustee's Motion should be denied.

(iii) **The Trustee's Assertion in His Declaration That the 2010 Through 2011 Income Tax Returns for Debtor Show the Operations of the Self Storage Facilities Were Included in Debtor's Income Tax Returns Does Not Prove That the 2005 Lease Is Invalid.**

The Trustee does not specify what the issue is regarding PTC's 2010 through 2011 tax returns ("Tax Returns") anywhere in his declaration under oath. Rather, the Trustee mentions generally in his declaration and Motion that, based upon his review of Debtor PTC's 2010 through 2011 tax returns, the operations of the Self Storage Facilities were included in PTC's sworn income tax statements. Though not stated clearly in the Motion or declaration, it appears the Trustee is

MPA ISO OPPOSITION TO TRUSTEE'S MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF CERTAIN INTERESTS
9

arguing that, based upon the Debtor using the operations figures of PTVL, then the Debtor falsely included the operations of Subject Property into its 2009-2011 tax returns.

However, the Trustee's declaration is rife with inadmissable hearsay, hearsay upon hearsay evidence, lacks foundation and includes inadmissible opinion evidence. First, the Tax Returns were not prepared by PTVL or on behalf of PTVL. Rather, these Tax Returns were prepared on behalf of Debtor PTC. Moreover, the statements made in the Tax Returns are for tax reporting purposes and are not facts of what actually happened as to PTVL. Therefore, the Trustee's assertions are irrelevant. Irrelevant evidence is not admissible. (See FRE 402; Ca. Evid. Code section 350.)

Secondly, and more importantly, the Trustee's statements as to Debtor PTC's Tax Returns are hearsay as to PTC and hearsay as to PTVL and are, therefore, inadmissable. The Trustee introduced this testimony for the sole purpose of proving, circumstantially, that if the rents from the Self Storage Facilities belonged to PTVL, then Debtor falsely included the operations of the Subject Property into its 2009-2011 tax returns. Testimony based on the out-of-court statements of third parties is not admissible under the hearsay rule. *United States v. Brown*, 548 F.2d 1194, 1199 (5th Cir. 1977).

Debtor's tax returns were completed by a CPA hired by Debtor, and while Debtor reported the income as if there was no separate lease agreement, the CPA determined for tax purposes that this was the appropriate method to account for the income and did not reflect the true business structure. Moreover, and contrary to what Trustee asserts, there is no linkage in any of the Tax Returns to any self storage business or SELF STORAGE entity, and there is nothing in the Tax Returns which refers to any management agreements.

Based upon the inadmissable opinion statements by the Trustee, there is no substantial evidence before this Court which shows there is a bona fide dispute. Accordingly, the Trustee's Motion should be denied.

C. **If the Trustee's Motion to Sell Property Is Granted, PTVL must Be Adequately Protected.**

If the Court decides to grant the Trustee's Motion over PTVL's objections, the Trustee must adequately protect PTVL and condition relief on setting aside an appropriate amount to compensate

PTVL for the loss of the lease.

Subsection (e) of § 363 provides that, on request of an entity that has an interest in property proposed to be sold, the court shall prohibit or condition a sale of property "as is necessary to provide adequate protection of such interest." Sales under § 363(f) are subject to the adequate protection requirement. According to one leading commentator, "[t]his generally means that if, under applicable law, the holder of the lien or interest could be compelled to accept a payment in exchange for its interest, the trustee may take advantage of that right by replacing the holder's lien or interest with a payment or other adequate protection." L. King, Collier on Bankruptcy, ¶ 363.06[6][a], at 363–51 (15th ed. Supp.2004). Adequate protection may be provided by cash payments, additional or replacement liens, or such other relief as will result in the realization of the indubitable equivalent of such entity's interest in property. 11 U.S.C. § 361. "Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale." H.R.Rep. No. 595, 95th Cong. 1st Sess. 345–346 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6301–03, Congressional Record Statements. The Trustee must provide "adequate protection" to PTVL under § 363(e) of the Bankruptcy Code if required.

Here, the Trustee has not offered or provided adequate protection for PTVL's interest in the lease. PTVL believes the value of its leasehold is interests is approximately $1,000,000 million dollars. (See Worsley Decl. ¶9.) Upon the sale, the Trustee should hold the amount realized from the sale in escrow pending a determination by this Court of the relative interests of the Property without any other lien attaching..

### III. CONCLUSION

As set forth above, The Trustee has failed to demonstrate that there is a bona fide dispute over PTVL's interest in the Self Storage Facilities. Accordingly, for all of the foregoing reasons, Responding Parties respectfully request that this Court DENY the Trustee's Motion. Should the Court be inclined to grant the Trustee's Motion, Responding Parties respectfully request that this Court order the Trustee to provide adequate protection and post the applicable portion of Responding Parties' leasehold interest from the proceeds with this Court as a condition of the sale.

Dated: June 13, 2013                Respectfully submitted,

                                    DAVID M. STERNBERG & ASSOCIATES

                                    By *David M. Sternberg*
                                    ─────────────────────────────
                                    DAVID M. STERNBERG
                                    Attorneys for PACIFIC TRADING
                                    VENTURES, LTD.; PTLV, a Nevada
                                    corporation; and V. JILL WORSLEY