Randall Whitney
2615 E. 12th Street
Oakland, CA, 94601
Tel. (415) 716-9898
Defendant in Adversary no
13-04079 and guarantor
(pro se)

FILED
JUN 13 2013
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

United States Bankruptcy Court
for the Northern District of California
Oakland Courthouse

In re

PACIFIC THOMAS
CORPORATION, dba
PACIFIC THOMAS CAPITAL,
dba SAFE STORAGE,

      *Debtor.*

No. **12-46534 MEH**
Chapter 11

MEMORANDUM IN OPPOSITION TO TRUSTEE'S
MOTION TO SELL FREE AND CLEAR OF LIENS

Date:  June 27, 2013
Time:  10:30am
Place:  Courtroom, Honorable M. Elaine Hammond, 1300
         Clay Street, Courtroom 215 Oakland CA.

MEMORANDUM IN OPPOSITION TO TRUSTEE'S
MOTION TO SELL FREE AND CLEAR OF LIENS

1. Statement of Facts

Randall Whitney is the president of Pacific Thomas Corporation, the debtor, and is a defendant in Adversary no. 13-04079. He is also a guarantor of various debts owed by Pacific Thomas Corporation.

On April 11, 2013, the trustee filed an adversary proceeding concerns turnover of rent and records. The adversary complaint asked in various ways that the court determine the 2005 lease to Pacific Trading Ventures of the Safe Storage Facility, extended in 2010, is void, but

1

Memorandum in Opposition to Trustee's Motion to Sell Free and Clear of Liens

lease to Pacific Trading Ventures of the Safe Storage Facility, extended in 2010, is void, but stated no intelligible basis for so determining.

On May 13, 2013, Whitney filed a motion to dismiss the adversary complaint for failure to state a claim, citing F.R.Br.P. 7008 and 7012, which incorporate the provisions of F.R.C.P. 8 and F.R.C.P. 12(b)(6). Hearing was originally set for June 3, 2013, but was continued by the trustee because the trustee's counsel would be on vacation during the first week of June.

On May 30, 2013, shortly before the trustee obtained a continuance of the motion to dismiss, the trustee filed the instant motion. The supporting declaration mentions that Pacific Trading Ventures filed an answer to the adversary complaint. See paragraphs 6-8 of the supporting declaration. The supporting declaration, however, nowhere mentions that Whitney filed a motion to dismiss for failure to state a claim. In the accompanying memorandum, the trustee argues that because of the complaint and Pacific Trading Ventures' answer, there is a bona fide dispute over the validity of the lease. Like the declaration, the memorandum fails to mention the pending motion to dismiss the adversary complaint by Whitney. 1 The motion to dismiss the adversary complaint is set for the same time as the motion to sell the property free and clear of liens, but presumably, the trustee will seek to finesse the motion to dismiss by asking that this court decide that there is a bona fide dispute without addressing the question of whether the trustee has any legal basis to have this court determine that the 2005/2010 lease is void.

### 2. A "bona fide legal dispute" requires a showing that there is a meritorious contention as to the application of law.

The trustee essentially argues that as long as there is a dispute, the dispute is bona fide under 11 U.S.C. section 363(f)(4). See p. 6 of its memorandum ("in order to establish a bona

---

1
Ironically, the trustee complains about a "lack of candor" of PTC management.

fide dispute, the trustee need only show that there is a dispute concerning the disputed interests of PTV in the self storage facility.")

This is obviously not correct. If only a "dispute" was required, Congress would not have inserted the qualifier "bona fide"into section 363(f)(4). A bona fide dispute requires an objective showing of "either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts." *Liberty Tool v. Vortex Fishing Sys. (in Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1064 (9th Cir. 2002). While the trustee is not required to show that he will prevail, he must show that his claim (that the 2005 lease, renewed in 2010 is void) is supported by some legal basis that a court could find meritorious. This is the same standard that the trustee would have to meet to survive a motion to dismiss the adversary complaint under F.R.Br.P. 7012 and F.R.C.P. 12(b)(6).

### 3. The trustee has not set forth any bona fide legal dispute in the adversary complaint.

Fed. R. Civ. P. 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d at 1180.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, see also *Weber v. Department of Veterans Affairs*, 521 F.3d 1061,

1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, *accord, In re Gilead Sciences Securities Litigaton*, 536 F.3d 1049, 1056-57 (9th Cir. 2008), *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint that does not allege a "cognizable legal theory" is subject to dismissal under Rule 12(b)(6). *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

The adversary complaint on which the trustee relies would win a prize for a a complaint that sounds windily important, but fails to state anything other than what the trustee wants the court to do. It is ridiculous. It doesn't even contain "threadbare recitals of the elements of a cause of action", *Ashcroft v. Iqbal, id.*, let alone a "cognizable legal theory," *Balistreri v. Pacifica Police Department*, id. All the adversary complaint does is allege the trustee believes the 2010 lease is void, as if the trustee were somehow an independent wellspring of law that this court had to follow. Certainly the adversary complaint acknowledges no other sources of law, no other legal basis, other than the trustee's bare assertion. The mere addition of a claim for declaratory relief makes no difference, as, based on this complaint, all the court could legally do would be to declare that the trustee would like the 2010 lease to be void. The mere fact that the trustee demands relief is not enough. The court cannot issue decrees and declarations without some legal basis in the adversary complaint to support such relief.

Accordingly, the trustee has not stated a "bona fide dispute" in the adversary complaint

### 4. The trustee has not set forth any bona fide legal dispute in the supporting memorandum

The trustee's supporting memorandum alleges that in 2005, Pacific Thomas Corporation and Pacific Trading Ventures entered into a lease of the entire Safe Storage Facility premises, but in 2008, Pacific Thomas Corporation and Pacific Trading Ventures entered into a lease of

only the office portion of the Safe Storage Facility premises. (The trustee makes a very brief reference to the 2010 lease extension of the 2005 lease, under which Pacific Trading Ventures now occupies the property.)

The trustee does not offer any intelligible legal argument other than his own assertion explaining how a 2008 lease of the office portion of the premises would render the 2005 lease of the entire Safe Storage Facility premises void. The only law cited is general law about bona fide disputes that has nothing to do with the present case.

The trustee also argues that a 2007 promissory note executed to Summit Bank that was secured by a portion of the Safe Storage premises stated that Pacific Thomas Corporation had no leases. Although the trustee asserts that it is "clear" that this renders the 2005 lease void, the trustee offers no intelligible legal argument as to how this would render the 2005 lease, extended in 2010, void.

Furthermore, the Trustee has not made a diligent effort to manage the sale of this property in a fiscally responsible manner, but rather, has chosen a non specialized, non self storage broker, Brian Collins, within a real estate firm, CCIG, with very little or no experience in selling self storage facilities. [ See Declarations attached by Dean L Keller and Tom de Jong ]

### 5. Conclusion

As the trustee has not shown any bona fide legal dispute that the 2005 lease, extended in 2010, under which Pacific Trading Ventures operates is "void", this court cannot grant the trustee authority to sell any of the properties free and clear of leases. As the prices the trustee claims he could obtain for the properties assume that they would be sold free and clear of leases, this court must deny the trustee's motion to sell the properties as lacking any basis.

Dated: Oakland, California, Monday, June 10, 2013.

**Randall Whitney**
Defendant in Adversary no 13-04079 and
guarantor (pro se)