BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  CRAIG C. CHIANG (SBN: 209602)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchiang@buchalter.com

Attorneys for Chapter 11 Trustee
KYLE EVERETT

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,<br><br>Debtor. | Case No. 12-46534 MEH<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE KYLE EVERETT'S ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL** |

**I.     INTRODUCTION**

Randall Whitney is a shareholder and a former "responsible individual" of Pacific Thomas Corporation, unseated by the appointment of the Chapter 11 trustee after the Bankruptcy Court concluded management's "lack of candor" and the inability to account accurately for the use of cash collateral made continuation of the debtor in possession not in the best interests of creditors.

Randall Whitney makes the claim that the Chapter 11 trustee failed to establish that a bona fide dispute exists as to the validity of a hotly contested lease, amended by Randall Whitney himself on the eve of bankruptcy in favor of an entity run by his mother, which flies in the face of the facts so far discovered by the Chapter 11 trustee and presented both to Randall Whitney and the Bankruptcy Court.

The Bankruptcy Court found that a bona fide dispute exists as to the validity of the leasehold interest, but has not yet ruled on the merits, which is premature until an adversary

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1

ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
BN 14461019v2

Case: 12-46534   Doc# 340   Filed: 07/26/13   Entered: 07/26/13 11:18:34   Page 1 of 10

proceeding commenced by the Chapter 11 trustee against Randall Whitney, his mother and the entity that she runs is concluded. Nothing presented by Randall Whitney justifies an interlocutory appeal, which seems intended only to delay the appropriate marketing of property of the estate by the Chapter 11 trustee to allow Randall Whitney to try to keep control of the property and its revenue stream through a facially unconfirmable plan of reorganization.

## II. PROCEDURAL SUMMARY

On June 27, 2013, the Bankruptcy Court granted the motion of Kyle Everett, the Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Pacific Thomas Corporation dba Pacific Thomas Capital dba Safe Storage (the "Debtor"), to market and sell real property of the Debtor's bankruptcy estate free and clear of any and all disputed leasehold interests of Pacific Trading Ventures and Pacific Trading Ventures, Ltd (collectively, "PTV"). At the same hearing, the Bankruptcy Court denied Randall Whitney's Motion to Dismiss Adversary Complaint, finding that the complaint filed by the Trustee against Randall Whitney and others alleged facts that established a claim for declaratory relief in connection with PTV's disputed leasehold interests.

The Bankruptcy Court determined that the evidence before it objectively established a factual basis to dispute the validity of PTV's leasehold interests in real property of the Debtor's Chapter 11 estate (the "Estate") located at 2615 E. 12th Street, 2783 E. 12th Street, and 1113-15 29th Avenue, in Oakland, California (the "Property") that includes a self-storage facility. The Debtor and PTV claimed that the Debtor leased the Property and an additional 1500 square feet of the "Morse Building" to PTV pursuant to a lease dated January 1, 2005, and asserted that approximately $110,000 in monthly rents from self-storage facility users at the Property belonged to PTV and was not property of the Estate. The Debtor and PTV claimed that the January 1, 2005 lease allowed PTV to pay a substantially lesser amount in "rent" to the Estate. The Bankruptcy Court answered in the affirmative the question of whether a bona fide dispute exists regarding PTV's alleged leasehold interest in the Property, granting the Trustee's Motion to Sell Free and Clear of Certain Interests (the "Sale Motion") and denying Randall Whitney's Motion to Dismiss Adversary Complaint. Contrary to Randall Whitney's assertions, the Trustee has not sought to sell the Property free and clear of any independent third party leases of self-storage users. A true

and correct copy of the Bankruptcy Court's Order Denying Motion to Dismiss is attached as Exhibit A to the Declaration of Craig Chiang in Support of the Trustee's Answer in Opposition (the "Chiang Declaration").

Randall Whitney now asserts the Trustee did not show the existence of any bona fide dispute over PTV's leasehold interests in the Property. The reasons for denying Randall Whitney's Motion for Leave to File Interlocutory Appeal are simple and straightforward:

(1) There is no substantial ground for difference of opinion as to the controlling question of law involved in the Bankruptcy Court's determination that a bona fide dispute exists over PTV's leasehold interests in the Property; and

(2) There is no justification to permit an immediate appeal of the Bankruptcy Court's interlocutory order permitting the Trustee to market and sell real property of the Estate free and clear of PTV's leasehold interest. The Trustee will seek the approval of the Bankruptcy Court for any specific sale of the Property, at which time there will be a final, appealable order.

The Motion for Leave to File Interlocutory Appeal is nothing more than another attempt by Randall Whitney to halt the Trustee's legitimate efforts to administer the assets of the Estate for the benefit of the Estate as the Bankruptcy Court had appointed the Trustee to accomplish.

**A. The Bankruptcy Court Appoints the Trustee to Investigate the Debtor and its Management.**

The Bankruptcy Court appointed the Trustee in early 2013, following the January 7, 2013 hearing on the Bankruptcy Court's Order to Appear and Show Cause why a Chapter 11 Trustee should not be appointed. At that hearing, the Court emphasized that a Chapter 11 trustee was needed to investigate a number of transgressions on the part of the Debtor's management, including:

> --The lack of candor by management with the Court and parties in this case regarding the financial operations of the Debtor, the segregation of cash collateral, and the history and terms of key agreements affecting the Debtor's operations including the ongoing issues raised by Pacific Trad(ing) Ventures and … Pacific Thomas Capital.

The management of the Debtor consists of Randall Whitney, the Debtor's president and chief

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

operating officer, and Jill Worsley, the Debtor's board secretary. In addition, Jill Worsley is PTV's president and chief operating officer, and Randall Whitney's mother.

**B.     The Trustee's Continuing Investigation.**

The Trustee's investigation, benefitted by the Bankruptcy Court's issuance of an April 12, 2013 Temporary Restraining Order against Randall Whitney, Jill Worsley and PTV, revealed a number of significant facts, set forth below, that called into question the validity and scope of PTV's alleged leasehold interest in the Property:

- A Management Agreement dated as of January 9, 2003 (the "Management Agreement") between the Debtor and PTV provides for PTV to "serve as the property manager of [the Debtor's] entire self-storage facility…." A Management Agreement (Amended) dated January 1, 2011 between the Debtor and PTV, which references the Management Agreement, provides for compensation to PTV of the greater of $2,000 per month or 6% of gross revenue;

- The Debtor's income tax returns prior to 2005 as well as 2005-2011 include all of the revenues and expenses of operations related to the Property. Between 2005 and 2011, the Debtor took deductions each and every year in its income tax returns for management fees paid to PTV for the Property that correlate with the income generated from the Property;

- During that same time period, all rents from users of the self-storage facility at the Property were deposited into the Debtor's bank accounts, recorded on the Debtor's books and included on the Debtor's income tax returns;

- The Debtor's "QuickBooks" accounting system prior to 2005 as well as 2005 through July 2012 include all of the revenues and expenses of operations related to the Property;

- The PTV "QuickBooks" accounting system for 2005 through 2011 do not include the revenues and expenses of operations related to the Property and include only the following revenue types:

    o Management fees (including those associated with managing the Property)

- Service fees (the reimbursement by the Debtor of the payroll incurred by PTV for the Property, which is also identified as "Service Fees" in Statement 4 to the Debtor's tax returns); and
- Merchandise sales in a nominal amount;

- PTV's "QuickBooks" accounting system for 2005 through 2011 show no other revenue from the Property;

- Rental income from the Property is not recorded in the PTV "QuickBooks" accounting system until 2012, and through July 2012, rental income from the Property is recorded on both PTV's QuickBooks and the Debtor's QuickBooks;

- In his Rule 2004 Examination dated September 20, 2012, Tim Brophy, one of the Debtor's responsible individuals and the accountant for both the Debtor and PTV, stated that Randall Whitney asked Brophy to change the accounting and tax returns for 2011 for both the Debtor and PTV based on a lease that Randall Whitney handed to him that was dated about the same time as the deposition.

With these facts, the Bankruptcy Court concluded in the Sale Order that "a bona fide dispute exists regarding the validity and scope of the asserted leasehold interest" of PTV in the Property. True and correct copies of the Trustee's declarations submitted in support of Sale Motion are attached as Exhibit B and Exhibit C to the Chiang Declaration.

**C.    The Adversary Proceeding Against Randall Whitney, Jill Worsley and PTV.**

On April 11, 2013, the Trustee commenced an adversary proceeding against Randall Whitney, Jill Worsley, and PTV, designated as A.P. No. 13-04079 (the "Adversary Proceeding"). Through his Complaint for (1) Declaratory Relief, (2) Accounting, (3) Turnover, and (4) Injunctive Relief (the "Complaint"), the Trustee sought a declaration that PTV's alleged leasehold interests in the Property are null, void, and unenforceable against the Estate, among other relief set forth in the Complaint. A true and correct copy of the Complaint is attached to the Chiang Declaration as Exhibit D. The Complaint generally alleged the same underlying facts as the Trustee raised in the Sale Motion, including the existence of the dispute regarding the validity of PTV's alleged leasehold interests in the Property. The Complaint further addressed inherent conflict between the Management Agreement and PTV's alleged leasehold interest in the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

5
ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
BN 14461019v2

Case: 12-46534   Doc# 340   Filed: 07/26/13   Entered: 07/26/13 11:18:34   Page 5 of 10

Property, and the attempt by Randall Whitney, Jill Worsley, and PTV to siphon funds that belonged to the Estate.

The Bankruptcy Court held a hearing on Randall Whitney's Motion to Dismiss Adversary Proceeding, a true and correct copy of which is attached to the Chiang Declaration as <u>Exhibit E</u>, at the same hearing as it considered the Trustee's Sale Motion. The Trustee's Opposition to the Motion to Dismiss Adversary Proceeding is attached to the Chiang Declaration as <u>Exhibit F</u>. In his Motion for Leave to File Interlocutory Appeal, Randall Whitney raises the same arguments that he had raised in his Motion to Dismiss – that the Trustee has not stated "sufficient factual matter" to dispute PTV's leasehold interest in the Property. It is clear from the Bankruptcy Court's findings of fact and conclusions of law on the denial of Randall Whitney's Motion to Dismiss and granting of the Trustee's Sale Motion that the Trustee has demonstrated the existence of a bona fide dispute concerning the validity and scope of PTV's leasehold interests in the Property. In its rulings on both motions, a transcript of which is attached as <u>Exhibit G</u> to the Chiang Declaration, the Bankruptcy Court emphasized that the Trustee's claim for declaratory relief was factually supported:

> Reviewing the complaint, it includes factual allegations regarding the business relationship between PTC and PTV — B, it identifies and attaches a management agreement and amended management agreement. It further identifies and attaches a 2005 lease; a 2005 lease extension, and an amendment to that lease; and, finally, it identifies and attaches a 2008 lease.
>
> The 2005 lease and related documents are in conflict with the management agreement, according to the trustee, and related documents. The conflict arises because, as I discussed previously, they provide for significant differences in the relationship between PTC and PTV. The trustee asserts there is a dispute as to which documents should be enforced, and on that basis he requests declaratory relief. The factual allegations are sufficient to establish a claim for declaratory relief. A complaint is not the place where extensive legal positions or arguments are required.

[6/27/13 Transcript; 4:17 – 5:8]. It is the existence of the bona fide dispute over PTV's alleged leasehold interests in the Property, not its resolution, which was at issue and which the Bankruptcy Court decided. The resolution of the bona fide dispute is subject to the Adversary Proceeding where each of the parties will be afforded the opportunity to submit proof on the merits and have the evidence tested through the litigation process.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6
ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
BN 14461019v2

Case: 12-46534    Doc# 340    Filed: 07/26/13    Entered: 07/26/13 11:18:34    Page 6 of 10

## III. LEGAL ARGUMENT

### A. There is no Substantial Ground for Difference of Opinion as to the Controlling Question of Law Involved in the Bankruptcy Court's Determination that a Bona Fide Dispute Exists Over PTV's Leasehold Interest in the Property.

Section 363(f)(4) allows the Trustee to sell property of the Estate free and clear of any interest in the property if such interest is "in bona fide dispute." In order to establish a bona fide dispute, the Trustee needs to show that there is an objective basis for either a factual or legal dispute concerning the disputed interests of PTV in the Self-Storage Facility. There is no difference of opinion as to the controlling law governing the Bankruptcy Court's determination that a bona fide dispute exists over PTV's leasehold interest in the Property to allow the Trustee to market and sell the Property free and clear of PTV's asserted leasehold interests. A bona fide dispute exists where there is an "objective basis for either a factual or legal dispute…." *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057 (1064) (9th Cir. 2001)(quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987).

The Bankruptcy Court determined that the Debtor's tax records, the Debtor's financial records, and PTV's financial records supported its determination that a bona fide dispute exists to allow the Trustee to market and sell the Property free and clear of PTV's alleged leasehold interest:

> So the trustee is seeking authorization through the motion to market and ultimately sell the property free and clear of the August 2012 lease amendment, pursuant to Bankruptcy Code Section 363(f)(4). This allows for sale free and clear if the interest is in bona fide dispute. Bona fide dispute is of course not defined in the Bankruptcy Code. The Ninth Circuit has joined other circuits and courts in requiring the bankruptcy court to determine whether there is an objective basis for a factual or a legal dispute as to the validity of the interest.
>
> Here the trustee has established a dispute as to the validity of the 2012 lease amendment. PTV and the debtor assert that the amendment continued and improved the debtor's position in the PTV and debtor's relationship regarding self-storage. The trustee asserts that it imposed a significant change to the detriment of the debtor's cashflow and its ability to reorganize. The trustee supports his assertions with tax returns, financial records, and the testimony of Timothy Brophy (phonetic), who prepared the debtor's taxes and is also, I believe, a partial equity holder in the debtor as well.
>
> I find the information provided by the trustee sufficient to objectively establish that there is a factual basis for the dispute as to the validity of the lease

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

> amendment. I am not deciding that dispute at this time, nor am I required to for the purposes of 363(f).

[6/27/13 Transcript; 3:3 – 4:2]. Randall Whitney's request for leave to appeal the Bankruptcy Court's Order Granting Chapter 11 Trustee Kyle Everett's Motion to Sell Real Property Free and Clear of Certain Interests is nothing more than an attempt to interfere with the Trustee's legitimate efforts to administer assets of the Estate by ignoring the clear existence of a bona fide dispute.

**B. There is no Justification to Permit an Immediate Appeal of the Bankruptcy Court's Interlocutory Order Permitting the Trustee to Market and the Property Free and Clear of PTV's Leasehold Interest.**

The Sale Order permits the Trustee to market and sell the Property free and clear of PTV's alleged leasehold interest. The Trustee has stated, and the Bankruptcy Court noted in its ruling, that any eventual sale of the Property will be subject to a further motion by the Trustee, subject to the rights of all parties to review the terms of any sale (and to object if a party deems appropriate), and to further order of the Bankruptcy Court:

> The trustee will be allowed to market and consider sale offers free and clear of the lease. Once the trustee receives an offer that he deems appropriate to bring to the Court, he may do so. And at that time the Court will determine whether and what adequate protection is appropriate for PTV's interests.

[6/27/13 Transcript; 4:3 – 4:8]. The Order Granting the Trustee's Motion to Sell Real Property Free and Clear of Certain Interests allows the Trustee to market the Property without PTV's disputed leasehold interest exacting downward pressure on the sale price by limiting a buyer's return to a capitalized lease stream from PTV. The Trustee first must seek approval of the Bankruptcy Court before completing any sale of the Property, at which time a final order, whether the Bankruptcy Court approves or denies a specific sale, may be appealed by the appropriate party.

The Motion for Leave to File Interlocutory Appeal is wrong in its assertion that an immediate appeal will avoid wasteful litigation and would materially advance the ultimate resolution of the Debtor's bankruptcy. The granting of the Trustee's Motion to Sell Real Property

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 14461019v2

Free and Clear of Certain Interests does not preclude the Debtor, or any other party, from pursuing any other avenue, including any attempt to confirm a plan of reorganization. There is no justification to allow Randall Whitney to file an interlocutory appeal of an order that allows the Chapter 11 Trustee's Court-appointed broker to market the Property free and clear of a leasehold interest that is clearly the subject of a bona fide dispute. The Motion for Leave to File Interlocutory Appeal includes a number of statements that are both incorrect and irrelevant. The Trustee is not marketing the Property void of any income stream. The Trustee seeks to maximize recovery for the Estate through an informed and robust marketing and sale effort by California Capital & Investment Group, appointed by the Bankruptcy Court through its order entered on May 29, 2013 following notice to all parties and no objection. The Bankruptcy Court's Order Granting the Trustee's Motion to Sell Real Property Free and Clear of Certain Interests facilitates the efforts of the Trustee and his Court-appointed broker to administer the Property for the benefit of the Estate.

## IV. CONCLUSION

The existence of a bona fide dispute over PTV's alleged leasehold interest in the Property cannot be denied. The Sale Order permits the Trustee to market and sell the Property free and clear of a disputed interest under §363(f)(4) of the Bankruptcy Code. There is no ground for any difference of opinion that the Bankruptcy Court properly applied §363(f)(4) in light of the overwhelming facts demonstrating the existence of a bona fide dispute.

The Bankruptcy Court rejected Randall Whitney's incorrect and irrelevant statements about the Trustee's sale efforts, including his attacks on the Trustee's Court-appointed broker. The Sale Order allows the Trustee to commence his efforts to market the Property in order to obtain an offer that maximizes value for the Estate. Such offer will be subject to further review of the Estate's parties in interest and to further approval by the Bankruptcy Court. The Trustee requests that Randall Whitney's Motion for Leave to File Interlocutory Appeal be denied.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

9
ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
BN 14461019v2

Case: 12-46534    Doc# 340    Filed: 07/26/13    Entered: 07/26/13 11:18:34    Page 9 of 10

| | |
|---|---|
| DATED: July 25, 2013 | BUCHALTER NEMER<br>A Professional Corporation<br><br>By: /s/ Craig C. Chiang<br>    Craig C. Chiang<br>    Attorneys for Chapter 11 Trustee<br>    KYLE EVERETT |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

10

ANSWER IN OPPOSITION TO MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

BN 14461019v2

Case: 12-46534    Doc# 340    Filed: 07/26/13    Entered: 07/26/13 11:18:34    Page 10 of 10