# EXHIBIT E

United States Bankruptcy Court
for the Northern District of California
Oakland Courthouse

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,<br><br>*Debtor.* | No. **12-46534 MEH**<br>Chapter 11 |

| | |
|---|---|
| KYLE EVERETT, Chapter 11 Trustee,<br><br>*Plaintiff,*<br><br>vs.<br><br>RANDALL WHITNEY aka RANDALL C. M. WHITNEY aka RANDALL WORSLEY aka RANDALL C. M. WORSLEY, an individual; PACIFIC TRADING VENTURES dba SAFE STORAGE MANAGEMENT COMPANY, a California corporation; PACIFIC TRADING VENTURES, LTD. ("PTVL"), a Nevada corporation; and JILL V. WORSLEY aka V. JILL WORSLEY, an individual ,<br><br>*Defendants.* | Adv. Proc. No. **13-04079**<br><br>MOTION TO DISMISS ADVERSARY COMPLAINT |

RECEIVED
2013 MAY 13 PM 1:10
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

## MOTION TO DISMISS ADVERSARY COMPLAINT

Defendant Randall Whitney moves for an order dismissing the adversary complaint for failure to state a claim upon which relief can be granted. This motion is based on Federal Rules of Bankruptcy Procedure 7008 and 7012, Federal Rules of Civil Procedure 8 and 12(b)(6), and the attached memorandum of points and authorities.

Dated: Oakland, California, Monday, May 13, 2013.

**FILED**

MAY 13 2013

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Randall Whitney
Defendant pro se

3

Notice of Hearing; Motion to Dismiss Adversary Complaint;
Memorandum of Points and Authorities

United States Bankruptcy Court
for the Northern District of California
Oakland Courthouse

In re

PACIFIC THOMAS CORPORATION, dba PACIFIC
THOMAS CAPITAL, dba SAFE STORAGE,

*Debtor.*

No. **12-46534 MEH**
Chapter 11

KYLE EVERETT, Chapter 11 Trustee,

*Plaintiff,*

vs.

RANDALL WHITNEY aka RANDALL C. M. WHITNEY aka
RANDALL WORSLEY aka RANDALL C. M.WORSLEY, an
individual; PACIFIC TRADING VENTURES dba SAFE
STORAGE MANAGEMENT COMPANY, a California
corporation; PACIFIC TRADING VENTURES, LTD.
("PTVL"), a Nevada corporation; and JILL V.
WORSLEY aka V. JILL WORSLEY, an individual ,

*Defendants.*

Adv. Proc. No. **13-04079**

MEMORANDUM OF POINTS
AND AUTHORITIES

2013 MAY 13 PM 1:11
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.
RECEIVED

## MEMORANDUM OF POINTS AND AUTHORITIES

F.R.Br.P. 7008 incorporates the provisions of F.R.C.P. 8 relating to the necessary

elements of a claim. F.R.Br.P. 7012 incorporates the provisions of F.R.C.P. 12(b)(6) relating to

motions to dismiss for failure to state a claim.

The introductory general allegations allege that the debtor is concealing income and

expenses and again asks for a determination "that no lease of the Premises to Pacific Trading

Ventures is effective, and that the assertion that a lease of PTC's self-storage facilities to Pacific

Trading Ventures exists is part of a scheme to siphon funds that properly belong to PTC's

bankruptcy estate," but states no legal reasons why the leases to Pacific Trading Ventures might

not be effective. The allegations concerning the various leases in paragraphs 17 through 20

merely state facts concerning the rent Pacific Trading Ventures pays the debtor under the various

4

FILED

MAY 13 2013

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Notice of Hearing; Motion to Dismiss Adversary Complaint;
Memorandum of Points and Authorities

1 │ leases but does not state any legal basis to support a conclusion that these leases would be void
2 │ or ineffective.

3 │     The first claim in the adversary complaint asks the court to declare the 2005 Lease, the
4 │ 2008 Lease, the 2005 Lease Extension, and the Amendment between the debtor and Pacific
5 │ Trading Ventures void, but states no reasons why these lease agreements might be void. As the
6 │ introductory allegations do not state any reasons why the leases might be void, incorporating
7 │ them adds nothing.

8 │     The second claim demands that Pacific Trading Ventures provide an accounting of all
9 │ rents that it collects from the Safe Storage facility that it leases from the debtor on the grounds
10 │ that the lease is void, but again, states no reasons why the lease may be void and states no other
11 │ basis supporting the demand for an accounting. As the introductory allegations do not state any
12 │ reasons why the leases might be void, incorporating them adds nothing.

13 │     The third claim generally alleges that the trustee is entitled to a turnover of "all amounts
14 │ due and owing to Debtor's estate" without stating what these amounts are alleged to be.
15 │ Assuming that the first two claims are read into this claim and the amounts referred to are
16 │ deemed to be the amounts that Pacific Trading Ventures receives from customers of the Safe
17 │ Storage Facility, the complaint states no legal basis for turning over these amounts other than
18 │ the bare allegation that the debtor's lease to Pacific Trading Ventures is "void." Again, since no
19 │ other part of the complaint states any basis for determining that the leases are void,
20 │ incorporating them adds nothing.

21 │     The fourth claim seeks an injunction against interference with an accounting and turnover
22 │ of these rents, but again, states no legal basis to support such an injunction. Assuming the other
23 │ claims are incorporated into this claim, the complaint states no legal basis for such an injunction
24 │ other than the bare allegation that the debtor's lease to Pacific Trading Ventures is "void."

25 │     Fed. R. Civ. P. 8(a)(2) requires "'a short and plain statement of the claim showing that

26 │
5

27 │
Notice of Hearing; Motion to Dismiss Adversary Complaint;
Memorandum of Points and Authorities

the pleader is entitled to relief,'" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d at 1180.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, see also *Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, *accord, In re Gilead Sciences Securities Litigaton*, 536 F.3d 1049, 1056-57 (9th Cir. 2008), *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint that does not allege a "cognizable legal theory" is subject to dismissal under Rule 12(b)(6). *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

The adversary complaint here doesn't even amount to "threadbare recitals of the elements of a cause of action." It is little more than an extended prayer for relief with no real causes of actions alleged. The entire complaint depends on a determination that the debtor's lease of the Safe Storage facility to Pacific Trading Ventures is void, but all it does is allege the existence of the lease agreements and offers the trustee's bare assertion that these agreements are "void",

without even the slightest statement of any legal basis for why the lease agreements might be "void."

The mere addition of a claim for declaratory relief makes no difference. The claim asks the court to declare that the debtor's leases are "void" simply because the trustee wants this relief. The court cannot issue arbitrary declarations simply because a party requests them. The court must have some legal basis to support declaratory relief.

### 2. The court should dismiss without leave to amend.

While initial dismissals under Rule 12(b)(6) are ordinarily with leave to amend, *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003), the trustee is not in the position of a litigant drafting an initial complaint. The trustee was specially appointed by the bankruptcy court, is highly experienced in bankruptcies, has been involved in this case as trustee for a substantial period of time and is familiar with the leases at issue. Given the trustee's familiarity with the case, the trustee's failure to state any legal basis for declaring the leases void suggests that he was unable to do so and that amendment would be futile.

### 3. The court should not approve any attorney's fees for the trustee's attorneys relating to the adversary proceeding up through the hearing and decision on this motion.

This court should not approve any attorney's fees for the trustee's attorneys relating to the adversary proceeding up through the hearing and decision on this motion because they obviously of no value to the estate. The trustee has filed an adversary complaint that does not meet minimal standards for a complaint under Federal Rules of Bankruptcy Procedure 7008 and 7012, Federal Rules of Civil Procedure 8 and 12(b)(6). The trustee's attorneys should not be permitted to siphon off funds that properly belong to PTC's bankruptcy estate by filing inadequate and ineffective pleadings and other documents with this court and requesting to be paid for such busy work. If the court has previously approved any request for fees that includes the work done on the adversary proceedings to date, the court should order that the fees be

7

Case: 13-04079   Doc# 22-1   Filed: 05/13/13   Entered: 05/13/13 18:34:06   Page 4 of
Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 6
of 27

1    returned to the bankruptcy estate.

2         Dated:  Oakland, California, Monday, May 13, 2013.

3

4

5                                                Randall Whitney
                                               Defendant pro se

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            8

27              Notice of Hearing; Motion to Dismiss Adversary Complaint;
                         Memorandum of Points and Authorities

**PROOF OF SERVICE**

I, the undersigned, depose and state: I reside or do business within the Northern District of California. I am eighteen years of age or older and not a party to this action. My business address is _1818 Mt Diablo Blvd , Walnut Creek CA 94596_

On _May 13_ , 2013, I served the following documents:

**Notice of Hearing; Motion to Dismiss Adversary Complaint; Memorandum of Points and Authorities**

I served the following persons by ☒ U.S. mail ☐ FAX ☐ personal delivery:

Craig C. Chiang
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Attorney for Trustee Kyle Everett

David M Sternberg & Associates
540 Lennon Lane
Walnut Creek, CA 94598
Attorney for Pacific Trading Ventures

I declare under penalty of perjury that the above is true. Executed in Oakland, California on _May 13, 2013_ .

2013 MAY 13 PM 1: 11
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.
FILED

9

Notice of Hearing; Motion to Dismiss Adversary Complaint;
Memorandum of Points and Authorities

# EXHIBIT F

1  BUCHALTER NEMER
     ROBERT E. IZMIRIAN (SBN: 53805)
2    CRAIG C. CHIANG (SBN:  209602)
     IVO KELLER (SBN:  245909)
3  A Professional Corporation
   55 Second Street, Suite 1700
4  San Francisco, CA  94105-3493
   Telephone: (415) 227-0900
5  Fax: (415) 227-0770
   Email:  rizmirian@buchalter.com; cchiang@buchalter.com
6
   Attorneys for Chapter 11 Trustee
7  KYLE EVERETT

8

9                 **UNITED STATES BANKRUPTCY COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                          **OAKLAND DIVISION**

12  In re                                          Case No. 12-46534 MEH

13  PACIFIC THOMAS CORPORATION, dba                Chapter 11
    PACIFIC THOMAS CAPITAL, dba
14  SAFE STORAGE,

15             Debtor.

16  _____

17  KYLE EVERETT, CHAPTER 11 TRUSTEE,             Adv. Proc. No. 13-04079

18             Plaintiff,                          **CHAPTER 11 TRUSTEE KYLE**
                                                   **EVERETT'S OPPOSITION TO**
19             vs.                                 **DEFENDANT RANDALL WHITNEY'S**
                                                   **MOTION TO DISMISS ADVERSARY**
20  RANDALL WHITNEY aka RANDALL C.M.              **COMPLAINT**
    WHITNEY aka RANDALL WORSLEY aka
21  RANDALL C.M. WORSLEY, an individual;
    PACIFIC TRADING VENTURES dba SAFE
22  STORAGE MANAGEMENT COMPANY, a
    California corporation; PACIFIC TRADING
23  VENTURES, LTD., a Nevada corporation; and
    JILL V. WORSLEY aka V. JILL WORSLEY,
24  an individual,

25             Defendants.

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

                                    1
CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 14261895v1

1    Plaintiff Kyle Everett, the duly appointed, qualified and acting Chapter 11 trustee

2    ("Trustee") of the bankruptcy estate of Pacific Thomas Corporation dba Pacific Thomas Capital

3    dba Safe Storage ("PTC") hereby responds to the Motion to Dismiss Adversary Complaint (the

4    "Motion") filed in the above-captioned Adversary Proceeding by defendant Randall Whitney

5    ("Whitney").  The Trustee's Complaint alleges sufficient facts to state the claims for relief

6    asserted against Whitney under the federal "notice pleading" standard.

**I.**

**STATEMENT OF PERTINENT FACTS**

On April 11, 2013, the Trustee filed a Complaint against Whitney and co-defendants Pacific Trading Ventures, Pacific Trading Ventures, Ltd., and Jill V. Worsley (collectively, the "Defendants").  The Complaint alleges that the Defendants have failed and refused to provide the Trustee with the books, records, and accounts concerning the management and operation of certain real property owned by PTC in Oakland, California (the "Premises").  Complaint, ¶1.  The Complaint further alleges that the Defendants have withheld significant funds from the Trustee by misrepresenting that PTC had leased a significant portion of the Premises to defendant Pacific Trading Ventures, and by claiming that the lease is effective.  Complaint, ¶2.  Based on these allegations, the Complaint asserts claims for Declaratory Relief, Accounting, Turnover, and Injunctive Relief against all of the Defendants.

Each claim adds further pertinent factual allegations.  The Declaratory Relief claim alleges that there is an actual controversy between the Trustee and the Defendants over whether the purported leases of the Premises are null and void.  Although the Complaint does not go into further detail regarding the bases for the parties' respective contentions on this issue, and further detail is not necessary given the federal "notice pleading" standard for complaints, in an Emergency Motion for Issuance of Temporary Restraining Order, etc., Doc. No. 3 filed April 11, 2013 (the "Emergency Motion"), the Trustee provided significant evidentiary support for his position that the leases are void.  Further detail is alleged in subsequent pleadings filed by the Trustee, including those recently filed in support of his pending Motion to Sell Real Property Free and Clear of Certain Interest scheduled for hearing concurrently with the Motion.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

In the claims for Accounting, Turnover, and Injunctive Relief, the Complaint alleges that the Defendants have failed to turn over and provide access to information regarding the Premises' income and expenses; that any funds being withheld from the Trustee are property of the bankruptcy estate and must therefore be turned over; and that the Court should require the Defendants to permit the Trustee to inspect the Defendants' books and records, which allegations formed the basis for this Court's Orders of April 12, May 14, and May 23, 2013.

On May 13, 2013, Whitney filed the Motion, which seeks dismissal of the Complaint without leave to amend.[1] The Motion argues that the Complaint "states no legal reasons why the leases to Pacific Trading Ventures might not be effective." Motion at 4:23-24. The Motion also argues that the Complaint is defective because it fails to state what amounts must be turned over to the Trustee, despite the fact that the Complaint alleges that these amounts cannot be determined until the Trustee is given access to the Defendants' books and records. Motion at 5:14; Complaint, ¶29. Finally, the Motion asserts that the Trustee's attorneys should be denied any attorneys' fees relating to this Adversary Proceeding through the Court's decision on the Motion, notwithstanding the fact that no request to approve attorneys' fees has yet been filed. Motion at 7:17-8:1. As discussed in detail below, each of these arguments lacks merit.

## III.

## LEGAL ARGUMENT

**A.    The Complaint Alleges Sufficient Facts to State a Claim.**

Under Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2), "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."[2] Except in a few instances where heightened pleading standards are imposed (none of which exist here), <u>a complaint need not contain detailed factual allegations supporting the claim for relief</u>. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 U.S. 163, 168. Instead, a complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*

---

[1] The remaining Defendants filed an Answer on May 22, 2013.
[2] FRCP Rule 8(a)(2) is made applicable to this proceeding by Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 7008.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

3

1   (2007) 550 U.S. 544, 555 (quoting *Conley v. Gibson* (1957) 355 U.S. 41, 47). The allegations of

2   the complaint should be liberally construed so as to do substantial justice. *Lynn v. Sheet Metal*

3   *Workers' Int'l Ass'n*, 804 F.2d 1472, 1482 (9th Cir. 1986).

4         Here, the Complaint gives Whitney fair notice of the claims against him and the grounds

5   upon which they rest. The Complaint alleges that Whitney and the other Defendants are in

6   possession of the books, records, and accounts concerning the management of the Premises, and

7   have failed to turn them over to the Trustee despite the fact that the Trustee, as the administrator

8   of PTC's bankruptcy estate, is entitled to them. The Complaint further alleges that the

9   Defendants have withheld funds from the Trustee in violation of the Bankruptcy Code, based on

10   the Defendants' contention that the leases of the Premises are effective when, in fact, the leases

11   are null and void. All of the counts asserted in the Complaint stem from this common nucleus of

12   factual allegations.

13         The Motion argues that the Complaint is deficient because it does not state the "legal

14   reasons" or the "legal basis" for various contentions made in the Complaint. *See*, e.g., Motion at

15   4:23, 5:1, 5:17, 5:22. However, under the federal "notice pleading" standard, a complaint is not

16   required to provide legal theories. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice

17   pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action,

18   statutes or legal theories." Emphasis in original.). Accordingly, no further allegations regarding

19   the Trustee's "legal reasons" are required.

20         The Motion also criticizes the Complaint for alleging "that the trustee is entitled to a

21   turnover of 'all amounts due and owing to Debtor's estate' without stating what these amounts are

22   alleged to be." Motion, 5:13-14. However, the Complaint expressly alleges that the information

23   necessary to determine what amounts are due from the Defendants is contained in the very books

24   and records that the Defendants have wrongfully refused to provide to the Trustee. To dismiss

25   the Complaint for its lack of specificity in this regard would be to reward the Defendants for their

26   unlawful refusal to turn over documents to which the Trustee is entitled.

27         The Complaint alleges facts sufficient to put the Whitney on notice of the Trustee's claims

28   against him. These allegations therefore satisfy the governing pleading standards.

Case 12-46534 Doc# 541-8 Filed 03/26/13 Entered 03/26/13 21:45:15 Page 13 of 27

**B.      If the Court Grants The Motion, It Should Grant Leave to Amend.**

The Trustee believes that the Complaint's factual allegations are legally sufficient, but if the Court disagrees, then it should grant the Trustee leave to amend the Complaint. Under FRCP Rule 15(a)(2), "The court should freely give leave [to amend the complaint] when justice so requires."[3] The Supreme Court has held that a court may deny leave to amend only where there is an "apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the [party moving for leave to amend], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis* (1962) 371 U.S. 178, 183.

Here, Whitney has made no showing of any such reason to deny leave to amend. The evidence that the Trustee presented in support of his Emergency Motion shows that there is ample reason to believe that the leases of the Premises are null and void. If the Court finds it necessary to include further allegations stating those reasons in a complaint, then the Court should give the Trustee leave to amend his Complaint to allege these additional facts.

**C.      The Motion's Argument Regarding Attorneys' Fees Is Improper And Premature.**

Finally, the Motion argues that the Court "should not approve any attorney's fees for the trustee's attorneys relating to the adversary proceeding up through the hearing and decision on this motion because they obviously [are] of no value to the estate." Motion, 7:17-19. Not only is this argument not an appropriate subject of a motion to dismiss under FRCP Rule 12(b)(6), but also the argument is premature, as the Trustee has not yet applied for payment of the fees of his professionals. Whitney's objection to attorney's fees at this point is both unmeritorious and procedurally improper.

//

//

//

---

[3] Rule 15(a)(2) is made applicable to this proceeding by FRBP Rule 7015.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

5

## IV.

## CONCLUSION

The Complaint alleges sufficient facts to state claims for relief against Whitney under the liberal federal pleading standards. This Court should therefore deny Whitney's motion in its entirety.

DATED: June 12, 2013

BUCHALTER NEMER
A Professional Corporation


By: /s/ Ivo Keller
      Ivo Keller
      Attorneys for Chapter 11 Trustee
      KYLE EVERETT

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 14261895v1

6

CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 55 Second Street, Suite 1700, San Francisco, CA 94105-3493.

On the date set forth below, I served the foregoing document described as:

**CHAPTER 11 TRUSTEE KYLE EVERETT'S OPPOSITION TO DEFENDANT RANDALL WHITNEY'S MOTION TO DISMISS ADVERSARY COMPLAINT**

on all other parties and/or their attorney(s) of record to this action as follows:

**Lynette C. Kelly**
U.S. Office of the U.S. Trustee
1301 Clay St.
Oakland, CA 94612

**Anne-Leith Matlock**
Matlock Law Group, P.C.
1485 Treat Blvd. #200
Walnut Creek, CA 94597

David M. Sternberg, Esq.
David M. Sternberg & Associates
540 Lennon Lane
Walnut Creek, CA 94598

## 20 Largest Unsecured Creditors

Darrow Family Partners
Thomas Capital Investments
Buhla R. Darrow Trust
Thomas Koolaupoko Inv.
A.M. Tarbell Trust
Edwin Thomas Revocable Living Trust
c/o Darrow / Whitney
1600 Ala Moana #1112
Honolulu, HI 96815

Summit Bank
2969 Broadway
Oakland, CA 94694

Richard Douglas Worsley
31012 Dulce
Temecula, CA 92592

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4139
Attn: Elizabeth Berke-Dreyfuss, Esq.

CBRE, Inc.
355 S. Grand Ave., Suite 2700
Los Angeles , CA 90071

KCA Engineers, Inc.
318 Brannan Street, St # 2
San Francisco, CA 94107

Baird Holm Attorneys At Law
1500 Woodmen Tower
Omaha, NE 68102

Timothy Brophy, CPA, MBA
395 Civic Drive, Suite 5
Pleasant Hill, CA 94523

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

| | | |
|---|---|---|
| 1 | Wendel Roesn Black & Dean, LLP | Charles M. Salter Associates, Inc. |
| | P.O. Box 2047 | 130 Sutter St, Suite 500 |
| 2 | Oakland, CA 94604-2047 | San Francisco, CA 94104 |
| 3 | BKD, LLP | Environmental Science Assoc., Inc. |
| | 8001 Broadway, Suite 400 | 350 Frank Ogawa Plaza, Suite 300 |
| 4 | Merrillville, IN 46410-5552 | Oakland, CA 94612 |
| 5 | Bank of the West | Doris Rydman |
| | PO Box 515274 | 1320 Pearl St. |
| 6 | Los Angeles, CA 90051-6574 | Alameda, CA 94501 |
| 7 | Jill V. Worsley | DMJM Harris/Korve Engineering, Inc. |
| | 30 Creek Tree Lane | 1178 Paysphere Circle |
| 8 | Alamo, CA 94507 | Chicago, IL 60674 |
| 9 | Jill Worsley | |
| | 1818 Mt. Diablo Blvd., Suite D | |
| 10 | Walnut Creek, CA 94596 | |

**Request for Notice**

| | | |
|---|---|---|
| 12 | Bank of the West | Eric A. Nyberg, Esq. |
| | Robert B. Kaplan, Esq. | Chris D. Kuhner, Esq. |
| 13 | Walter W. Gouldsbury III, Esq. | Kornfield, Nyberg, Bendes & Kuhner, P.C. |
| | Jeffer Mangels Butler, & Mitchell LLP | 1970 Broadway, Suite 2675 |
| 14 | Two Embarcadero Center, 5th Floor | Oakland, CA 94612 |
| | San Francisco, CA 94111 | |
| 15 | | |
| | Frank T. Pepler | McCarthy & Holthus, LLP |
| 16 | DLA Piper LLP (US) | 1770 Fourth Avenue |
| | 555 Mission Street, Suite 2400 | San Diego, CA 92101 |
| 17 | San Francisco, CA 94105 | |
| 18 | Deutsche Bank National Trust Company | Mark T. Domeyer, Esq. |
| | c/o Darlene C. Vigil | Miles, Bauer, Bergstrom & Winters, LLP |
| 19 | Barrett Daffin Frappier Treder & Ieiss | 1231 East Dyer Rd. 1100 |
| | | Santa Ana, CA 92705-5643 |
| 20 | 20955 Pathfinder Rd., Ste. 300 | |
| | Diamond Bar, CA 91765-4029 | |
| 21 | | |
| | Edward Weber | Matthew R. Clark |
| 22 | Routh Crabtree Olsen, PS | Casey J. O'Connell |
| | 1241 East Dyer Road, Ste. 250 | Pite Duncan, LLP |
| 23 | Santa Ana, CA 92705-5611 | 4375 Jutland Drive Suite 200 |
| | | PO Box 17933 |
| 24 | | San Diego, CA 92177-7921 |
| 25 | Mujeres Onidas y Activas | Mujeres Unidas y Activas |
| | c/o Stephanie Willett | c/o Morrison & Foerster LLP |
| 26 | Morrison & Foerster | Attn: Kristin A. Hiensch |
| | 3548 18th Street, #23 | 425 Market Street |
| 27 | San Francisco, CA 94110-1678 | San Francisco, CA 94105·2482 |
| 28 | | |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

8

CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 1426189SV1

Case: 12-46534 Doc# 341-8 Filed: 07/26/13 Entered: 07/26/13 21:45:15 Page 17 of 27

| | | |
|---|---|---|
| 1 | Capital One, N.A.<br>Joshua Scheer | Dean R. Prober<br>Prober and Raphael |
| 2 | Scheer Law Group<br>155 1 Redwood Dr. 1100 | 20750 Ventura Blvd. 1100<br>Woodland Hills, CA 91364-6207 |
| 3 | San Rafael, CA 94903-1966 | |
| 4 | Bayview Loan Servicinq, LLC,<br>c/o Edward G. Schloss | Jennifer Wong<br>McCarthy & Holthus, LLP |
| 5 | 3637 Motor Avenue, Suite 220<br>Los Angeles, CA 90034-4884 | 1770 Fourth Avenue<br>San Diego, CA 92101-2607 |
| 6 | | |

<strong>Interested Parties</strong>

| | | |
|---|---|---|
| 7 | | |
| 8 | Timothy Brophy<br>395 Civic Drive, Suite J<br>Pleasant Bill, CA 94523-1951 | Pacific Trading Ventures, Ltd.<br>1818-D Mt. Diablo Blvd., Second Floor<br>Walnut Creek, CA 94596-4430 |
| 9 | | Attn: J.V. Worsley |
| 10 | Herzer Financial Mortgage Fund, LLC<br>Cheryl C. Rouse | Mary C.G. Kaufman<br>Early Sullivan Wright Gizer & McRae LLP |
| 11 | Law Offices of Rouse and Bahlert<br>345 Franklin St. | 6420 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048 |
| 12 | San Francisco, CA 94102-4427 | |
| 13 | Damon Bowers | Pacific Trading Ventures dba |
| 14 | Private Capital Investments<br>3201 Danville Blvd., #170 | Safe Storage Management Company<br>1818-D Mt. Diablo Boulevard, Second Floor |
| 15 | Alamo, CA 94507 | Walnut Creek, CA 94596 |
| 16 | Stephen Thomas Worsley<br>2458 Pamino Way | Randall Whitney<br>2783 East 12th Street |
| 17 | Pleasanton, CA 94566 | Oakland, CA 94601 |
| 18 | Roger W. Worsley<br>1997 Ascot Drive #B | Randall Whitney<br>1818 Mt. Diablo Blvd., Suite D |
| 19 | Moraga, CA 94556 | Walnut Creek, CA 94596 |
| 20 | Alameda County Treasurer & Tax Collection<br>1221 Oak Street | Jacol LLC et al<br>c/o The Bowers Group |
| 21 | Oakland, CA 94612 | 3201 Danville Blvd. Suite 170<br>Alamo, CA 94507 |
| 22 | Private Mortgage Fund LLC<br>23586 Calabasas Road #100 | Randall Whitney |
| 23 | Calabasas, CA 91302 | 5215 Masonic Avenue<br>Oakland, CA 94618-2631 |
| 24 | | |

| | |
|---|---|
| 25 | ☑   **BY MAIL**    I am readily familiar with the business' practice for collection and |
| 26 | processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on **June 13,** |
| 27 | **2013**. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. |
| 28 | |

Randall Whitney
1818 Mt. Diablo Blvd., Suite D
Walnut Creek, CA 94596
randall@pacificthomas.com

☑ **BY EMAIL** On **June 13, 2013**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **June 13, 2013**, at San Francisco, California.

☑ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 13, 2013**, at San Francisco, California.

| Hallina Pohyar | /s/ Hallina Pohyar |
| --- | --- |
| | (Signature) |

BN 14261895v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS

BN 14261895v1

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE M. ELAINE HAMMOND, JUDGE

| | |
|---|---|
| In Re: | ) Case No. 12-46534 |
| | ) Chapter 11 |
| PACIFIC THOMAS CORPORATION, | ) |
| | ) <u>CONTINUED STATUS CONFERENCE;</u> |
| Debtor. | ) <u>TRUSTEE'S MOTION to SELL</u> |
| | ) <u>PROPERTY FREE and CLEAR</u> |
| | ) (Ruling only) |
| | ) |
| _____ | ) |
| | ) Adv. 13-04079 |
| KYLE EVERETT, Chapter 11 Trustee, | ) |
| | ) <u>STATUS CONFERENCE</u> |
| Plaintiff, | ) <u>(Continued from 6/3/13) and</u> |
| | ) <u>DEFENDANT WHITNEY'S MOTION</u> |
| v. | ) <u>to DISMISS CASE</u> |
| | ) (Ruling only) |
| WHITNEY, et al., | ) |
| | ) |
| Defendants. | ) Thursday, June 27, 2013 |
| _____ | ) Oakland, California |

<u>Appearances</u>:

For the Debtor:                     K. Brian Matlock, Esq.
                                    Matlock Law Group, PC
                                    1485 Treat Boulevard, Suite 200
                                    Walnut Creek, California  94597

For Plaintiff-Movant                Mia S. Blackler, Esq.
Kyle Everett, Chapter               Craig C. Chiang, Esq.
11 Trustee,                         Robert E. Izmirian, Esq.
                                    Buchalter Nemer, PLC
                                    55 Second Street, Suite 1700
                                    San Francisco, California  94105

For Randall Worsley                 Randall Worsley Whitney, President,
Whitney, Defendant-                   *pro se*
Movant:                             Pacific Thomas Capital
                                    1818 Mt. Diablo Boulevard, Second Floor
                                    Walnut Creek, California  94596

Appearances continued on next page.

Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 21 of 27

Appearances continued:

| | |
|---|---|
| For Planned Parenthood Mar Monte, Inc.: | Frank T. Pepler, Esq.<br>DLA Piper LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, California  94105 |
| For Bank of the West: | Walter W. Gouldsbury, III, Esq.<br>Jeffer Mangels Butler & Mitchell LLP<br>Two Embarcadero Center, Fifth Floor<br>San Francisco, California  94111-3813 |
| For Summit Bank: | Eric A. Nyberg, Esq.<br>Kornfield, Nyberg, Bendes & Kuhner<br>1970 Broadway, Suite 225<br>Oakland, California  94612-2223 |
| For Jill Trading Ventures, dba Safe Worsley: | David M. Sternberg, Esq.<br>David M. Sternberg & Associates<br>540 Lemon Lane<br>Walnut Creek, California 94598 |
| For Creditor Private Mortgage Funds (Via telephone): | Mary C. Kaufman, Esq.<br>Early Sullivan Wright Gizer & McRae, LLP<br>6420 Wilshire Boulevard, 17th Floor<br>Los Angeles, California  90048 |
| Digital Court Recorder: | United States Bankruptcy Court<br>Tannell Hawkins<br>1300 Clay Street, Suite 300<br>Oakland, California  94612<br>(510) 879-3536 |
| Certified Electronic Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California  95336-9124 |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 22 of 27

1   Thursday, June 27, 2013                          12:20 o'clock p.m.

2                    P R O C E E D I N G S

3         THE COURT:  All right.  So the trustee is seeking

4   authorization through the motion to market and ultimately sell

5   the property free and clear of the August 2012 lease amendment,

6   pursuant to Bankruptcy Code Section 363(f)(4).  This allows for

7   sale free and clear if the interest is in bona fide dispute.

8   Bona fide dispute is of course not defined in the Bankruptcy

9   Code.  The Ninth Circuit has joined other circuits and courts in

10  requiring the bankruptcy court to determine whether there is an

11  objective basis for a factual or a legal dispute as to the

12  validity of the interest.

13        Here the trustee has established a dispute as to the

14  validity of the 2012 lease amendment.  PTV and the debtor assert

15  that the amendment continued and improved the debtor's position

16  in the PTV and debtor's relationship regarding self-storage.

17  The trustee asserts that it imposed a significant change to the

18  detriment of the debtor's cashflow and its ability to

19  reorganize.  The trustee supports his assertions with tax

20  returns, financial records, and the testimony of Timothy Brophy

21  (phonetic), who prepared the debtor's taxes and is also, I

22  believe, a partial equity holder in the debtor as well.

23        I find the information provided by the trustee

24  sufficient to objectively establish that there is a factual

25  basis for the dispute as to the validity of the lease amendment.

Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 23
of 27

1  I am not deciding that dispute at this time, nor am I required

2  to for the purposes of 363(f).

3      The trustee will be allowed to market and consider

4  sale offers free and clear of the lease.  Once the trustee

5  receives an offer that he deems appropriate to bring to the

6  Court, he may do so.  And at that time the Court will determine

7  whether and what adequate protection is appropriate for PTV's

8  interests.

9      As to the motion to dismiss the adversary proceeding.

10 The motion to dismiss has been filed by one of the defendants,

11 Mr. Whitney.  Mr. Whitney asserts that the complaint is

12 deficient because it fails to provide the legal basis for the

13 claims asserted.  It's important to note that the thrust of Mr.

14 Whitney's motion to dismiss is that the complaint does not

15 contain sufficient legal argument, not that it lacks sufficient

16 factual allegations.

17     Reviewing the complaint, it includes factual

18 allegations regarding the business relationship between PTC and

19 PTV — -B, it identifies and attaches a management agreement and

20 amended management agreement.  It further identifies and

21 attaches a 2005 lease; a 2005 lease extension, and an amendment

22 to that lease; and, finally, it identifies and attaches a 2008

23 lease.

24     The 2005 lease and related documents are in conflict

25 with the management agreement, according to the trustee, and

 1   related documents.  The conflict arises because, as I discussed
 2   previously, they provide for significant differences in the
 3   relationship between PTC and PTV.  The trustee asserts there is
 4   a dispute as to which documents should be enforced, and on that
 5   basis he requests declaratory relief.  The factual allegations
 6   are sufficient to establish a claim for declaratory relief.  A
 7   complaint is not the place where extensive legal positions or
 8   arguments are required.

 9        The second claim for relief is for an accounting.  The
10   facts alleged support that the trustee has requested and at
11   least as of the complaint's filing not received information to
12   determine income and expenses related to the business operations
13   between PTC and PTV.  The factual allegations are sufficient to
14   establish a claim.  The legal basis is clear because the trustee
15   does not have the information and is entitled to receive it.

16        The third claim for relief is for turnover of estate
17   property.  This claim follows from any relief obtained by the
18   trustee on the first and second claims, and the complaint is
19   sufficient.

20        The fourth claim is for injunctive — is for injunctive
21   relief.  It's addressed in the complaint.  In addition,
22   contemporaneous with filing of the complaint, the plaintiff
23   filed a request for a TRO and then a preliminary injunction.
24   The Court has addressed these requests for immediate relief
25   through prior orders, and the defendant certainly has full

Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 25
of 27

1  knowledge of the trustee's assertions on those matters.

2        As I've stated, the Court finds that each of the

3  claims asserted in the complaint satisfy the pleading

4  requirements of Federal Rule of Bankruptcy Procedure 7012 and

5  7008 to the extent it's implicated.  The motion to dismiss is

6  denied.  Mr. Whitney is required to file an answer to the

7  complaint by July 26th, 2013.  The Court will issue an order on

8  — the Court's going to issue the order on the motion to dismiss.

9        I think I might have the trustee prepare a proposed

10  form of order on the motion to sell free and clear.

11      (End of portion ordered for transcription.)

12                       —o0o—

13

14

15

16

17

18

19

20

21

22

23

24

25

Case: 12-46534   Doc# 341-8   Filed: 07/26/13   Entered: 07/26/13 11:45:15   Page 26 of 27

State of California        )
                           )     SS.
County of San Joaquin      )


        I, Susan Palmer, certify that the foregoing is a true
and correct transcript, to the best of my ability, of the above
pages, of the digital recording provided to me by the United
States Bankruptcy Court, Northern District of California, of the
proceedings taken on the date and time previously stated in the
above matter.

        I further certify I am not a party to nor in any way
interested in the outcome of this matter.

        I am a Certified Electronic Reporter and Transcriber
by the American Association of Electronic Reporters and
Transcribers, Certificate No. 00124.  Palmer Reporting Services
is approved by the Administrative Office of the United States
Courts to officially prepare transcripts for the U.S. District
and Bankruptcy Courts.


                                Susan Palmer
                                Palmer Reporting Services

                                Dated July 21, 2013