ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Secured Creditor Summit Bank

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION<br>DBA PACIFIC THOMAS CAPITAL,<br><br><br><br><br><br>Debtor. | Case No. 12-46534 MEH<br><br>Chapter 11<br><br>R.S. No. EAN-001<br><br>**MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362; OR IN THE ALTERNATIVE FOR AN ORDER THAT THE AUTOMATIC STAY DOES NOT APPLY** |
| | Date: October 23, 2013<br>Time: 2:00 p.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

Secured Creditor and Moving Party, Summit Bank ("Summit") respectfully submits the following motion for an order granting relief from the automatic stay of 11 U.S.C. § 362 to allow it to proceed with its foreclosure remedies against a parcel of real estate collateral that it is owned by a non-debtor entity, or, in the alternative for an order that the automatic stay does not apply.

### I.     INTRODUCTION

Summit is a secured creditor of the debtor and is owed approximately $8,413,390.94 as of September 12, 2013. The aforementioned secured obligation was secured by deeds of trust against

Motion for Order Granting Relief from the Automatic
Stay; or in the Alternative for an Order that the Automatic
Stay Does Not Apply
-1-

Case: 12-46534   Doc# 373   Filed: 09/17/13   Entered: 09/17/13 11:53:20   Page 1 of 7

property owned by Pacific Thomas Corporation ("Debtor"). In addition, Nova Group, a Nevada Corporation pledged as collateral real estate commonly known as 2901 East 12th Street, Westside of 12th Street of 29th Avenue, AP No. 025-0693-003-03 (the "Nova Parcel"). By way of this motion, Summit seeks relief from stay, to the extent it is necessary, to proceed with its state law foreclosure rights against the Nova Parcel. Alternatively, if the Court believes that the automatic stay does not apply to a foreclosure action against the Nova Parcel, Summit as a precaution, seeks an order from this Court that the stay does not apply and it can proceed with its foreclosure against the Nova Parcel.

## II. FACTUAL BACKGROUND

1. The Debtor filed its voluntary Chapter 11 bankruptcy petition on August 6, 2012.

2. On or about January 8, 2013, the Court appointed Kyle Everett as the Chapter 11 Trustee in the Debtor's bankruptcy case.

3. Summit is a secured creditor of the Debtor and is currently owed $8,413,390.94 as of September 12, 2013.

4. On or about July 27, 2007, the Debtor made, executed and delivered to Summit a Written Promissory Note (the "Note") and a Written Business Loan Agreement ("BLA"). Pursuant to the terms of the Note and BLA, the Debtor promised to pay Summit the principal sum of $8,100,000 plus interest fees and other charges. The entire balance of principal plus accrued interest and charges was all due and payable on March 31, 2011.

5. On or about July 27, 2007, the Debtor and Nova Group, a Nevada Corporation ("Nova Group"), in order to secure the obligations owing to Summit under the Note and BLA, made, executed and delivered to Summit a Deed of Trust (the "Deed of Trust"). Pursuant to the terms of the Deed of Trust, Nova Group pledged the Nova Parcel as security for the Debtor's obligations to Summit under the Note and BLA.

6. In addition to the Note, BLA and Deed of Trust, the Debtor also made, executed and delivered to Summit a Commercial Security Agreement and UCC-1 which provided Summit additional collateral for the obligations of the Debtor under the Note and BLA.

///

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

7. The Debtor defaulted under its obligations under the Note and BLA. As a result of the Debtor's default, on April 7, 2011, Summit caused a Notice of Default to be recorded in the Official Records of Alameda County.

8. The notice period provided under the Notice of Default and Election to Sell Under Deed of Trust expired without the Debtor or Nova Group curing the default.

9. On August 6, 2012, the Debtor filed its Voluntary Chapter 11 bankruptcy case.

### III. LEGAL ARGUMENT

**A. To the Extent the Automatic Stay Applies, Summit is Entitled to Relief from the Automatic Stay.**

11 U.S.C. § 362 states, in pertinent part:

> "(d) Upon request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if – (a) the debtor does not have an equity and such property; and (b) such property is not necessary to an effective reorganization."

In the present case, Summit seeks to exercise its state law foreclosure remedies against the Nova Parcel. The Nova Parcel is not property of the estate. The Nova Parcel is owned by Nova Group which is a separate entity from the Debtor. Nova Group pledged the Nova Parcel as additional collateral for the Debtor's obligations under the Note and BLA. By reason of the fact that the Nova Parcel is not property of the estate, the Debtor does not have any equity in such property. Further, since the Nova Parcel is not property of the estate, the Debtor cannot, in good faith, argue that it is necessary to an effective reorganization.

Summit's concern is that 11 U.S.C. § 362 prohibits any act of a creditor to enforce an obligation against the Debtor. Since the obligation that would give rise to the foreclosure on the Nova Parcel is an obligation of the Debtor, Summit seeks an order from this Court granting relief

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

from stay, to the extent it applies, so that it may proceed with a foreclosure only against the Nova Parcel.

Since the Nova Parcel is not property of the estate, the Debtor has no equity interest in it and it is not necessary for the Debtor's effective reorganization and Summit is entitled to an order granting relief from stay, to the extent the stay applies.

### B. Alternatively, Summit is Entitled to an Order from this Court that the Automatic Stay of 11 U.S.C. § 362 Does Not Prevent Summit from Proceeding With a Foreclosure on the Nova Parcel.

Alternatively, Summit seeks an order from this Court that the automatic stay of 11 U.S.C. § 362 does not apply to any action on the part of Summit to proceed with a foreclosure sale against the Nova Parcel. A foreclosure by Summit against the Nova Parcel only, will have no negative impact upon the bankruptcy estate. In fact, the impact would be beneficial. To the extent that the parcel is sold at a foreclosure sale, it will serve to reduce the Debtor/estate's obligations to Summit under the Note and BLA.

## IV. CONCLUSION

WHEREFORE, Summit respectfully asserts that it is entitled to either an order granting relief from stay so that it may proceed with enforcing its state foreclosure rights against the Nova Parcel, or, alternatively, an order from this Court that the automatic stay of 11 U.S.C. § 362 does not apply to Summit's foreclosure against the Nova Parcel. Summit further requests, to the extent the Court enters an order granting relief from stay, that the Court waive the state provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3).

Dated: September 16, 2013            KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By: /s/ Eric A. Nyberg
    (Bar No. 131105)
    Attorneys for Secured Creditor Summit Bank

Motion for Order Granting Relief from the Automatic Stay; or in the Alternative for an Order that the Automatic Stay Does Not Apply

-4-

Case: 12-46534    Doc# 373    Filed: 09/17/13    Entered: 09/17/13 11:53:20    Page 4 of 7

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 17, 2013, I served the following documents:

**MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362; OR IN THE ALTERNATIVE FOR AN ORDER THAT THE AUTOMATIC STAY DOES NOT APPLY**;

**RELIEF FROM STAY COVERSHEET**;

**NOTICE OF MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362; OR IN THE ALTERNATIVE FOR AN ORDER THAT THE AUTOMATIC STAY DOES NOT APPLY; AND**

**DECLARATION OF STEVE NELSON IN SUPPORT OF MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362; OR IN THE ALTERNATIVE FOR AN ORDER THAT THE AUTOMATIC STAY DOES NOT APPLY**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

| | |
|---|---|
| Lynette C. Kelly<br>U.S. Office of the U.S. Trustee<br>1301 Clay Street<br>Oakland, CA 94612 | Anne-Leith Matlock/Kathrin R. Dimas<br>Matlock Law Group<br>1485 Treat Blvd, Suite 200<br>Walnut Creek, CA 94597 |
| Walter W. Gouldsbury III<br>Jeffer Mangels Butler, & Mitchell LLP<br>Two Embarcadero Center, 5th Floor<br>San Francisco, CA 94111 | Robert E. Izmirian<br>Buchalter Nemer<br>55 2nd Street, Suite 1700<br>San Francisco, CA 94105-3493 |

Motion for Order Granting Relief from the Automatic Stay; or in the Alternative for an Order that the Automatic Stay Does Not Apply

-5-

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

| | |
|---|---|
| David M. Sternberg, Esq.<br>David M. Sternberg & Associates<br>540 Lennon Lane<br>Walnut Creek, CA 94598 | Frank T. Pepler<br>DLA Piper LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105 |
| Jacol LLC et al<br>c/o The Bowers Group<br>3201 Danville Blvd. Suite 170<br>Alamo, CA 94507 | Randall Whitney<br>5215 Masonic Avenue<br>Oakland, CA 94618-2631 |
| Randall Whitney<br>2783 East 12th Street<br>Oakland, CA 94601 | Randall Whitney<br>1818 Mt. Diablo Blvd., Suite D<br>Walnut Creek, CA 94596 |
| Kyle Everett<br>235 Pine Street, Suite 1150<br>San Francisco, CA 94104 | Jennifer C. Wong<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101 |
| Barrett Daffin Frappier Treder &<br>Weiss, LLP<br>Attn: Darlene C. Vigil<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765 | Edward T. Weber<br>Jonathan J. Damen<br>Routh, Crabtree and Olsen<br>1241 E Dyer Rd. #250<br>Santa Ana, CA 92705 |
| Mark T. Domeyer<br>Miles, Bauer, Bergstrom and Winters<br>1231 E. Dyer Rd #100<br>Santa Ana, CA 92705 | Matthew R. Clark, III<br>Pite Duncan, LLP<br>4375 Jutland Drive #200<br>P.O.Box 17933<br>San Diego, CA 92177 |
| Vincent J. Novak<br>Morrison and Foerster LLP<br>425 Market St.<br>San Francisco, CA 94105 | Dean R. Prober<br>Prober and Raphael<br>20750 Ventura Blvd. #100<br>Woodland Hills, CA 91364 |
| Edward G. Schloss<br>Edward G. Schloss Law Corp.<br>3637 Motor Ave. #220<br>Los Angeles, CA 90034 | Joshua Scheer<br>Scheer Law Group<br>155 N Redwood Dr. #100<br>San Rafael, CA 9490 |
| Scott E. Gizer<br>EARLY SULLIVAN WRIGHT<br>GIZER & McRAE LLP<br>6420 Wilshire Boulevard, 17th Floor<br>Los Angeles, California 90048 | Nova Group, a Nevada Corporation<br>121 Juanita Drive<br>Incline Village, NV 89452 |

Motion for Order Granting Relief from the Automatic Stay; or in the Alternative for an Order that the Automatic Stay Does Not Apply -6-

Case: 12-46534    Doc# 373    Filed: 09/17/13    Entered: 09/17/13 11:53:20    Page 6 of 7

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

| | |
|---|---|
| Nova Group, a Nevada Corporation<br>Attn: Randall Worsley, President<br>Attn: Officer, a managing or general agent, or to any other agent authorized by appointment or by law<br>P.O. Box 22360<br>Honolulu, HI 96823-2360 | Nova Group, a Nevada Corporation<br>Attn: Randall Worsley, Treasurer<br>Attn: Officer, a managing or general agent, or to any other agent authorized by appointment or by law<br>929 Southwood Blvd., Apt. 1<br>Incline Village, NV 89450 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of September, 2013 at Oakland, California.

/s/ Gail A. Michael

Motion for Order Granting Relief from the Automatic Stay; or in the Alternative for an Order that the Automatic Stay Does Not Apply -7-

Case: 12-46534    Doc# 373    Filed: 09/17/13    Entered: 09/17/13 11:53:20    Page 7 of 7