ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Secured Creditor Summit Bank

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION<br>DBA PACIFIC THOMAS CAPITAL,<br><br>Debtor. | Case No. 12-46534 MEH<br><br>Chapter 11<br><br>**SUMMIT BANK'S OBJECTION TO DEBTOR'S THIRD AMENDED DISCLOSURE STATEMENT IN SUPPORT OF THIRD AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 13, 2013**<br><br>Date: December 12, 2013<br>Time: 1:00 p.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

Secured Creditor, Summit Bank ("Summit") submits the following Objections to the Debtor's Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013 (the "Disclosure Statement" and "Plan") as follows.

## I. INTRODUCTION

The Debtor's Disclosure Statement and Plan represent the third iteration of the Debtor's misguided attempts at a reorganization plan. While the Debtor has had four bites at the apple, little has changed during the five months since the Debtor filed its original Disclosure Statement and Plan back on June 12, 2013.

///

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013 -1-

Case: 12-46534 Doc# 436 Filed: 11/27/13 Entered: 11/27/13 11:07:54 Page 1 of 7

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

The Disclosure Statement continues to be deficient in many regards and continues to lack "adequate information" as required by 11 U.S.C. § 1125. In addition, the Disclosure Statement continues to describe a plan that is unconfirmable on its face and contains incomplete, incorrect and misleading information.

The Debtor and Debtor's counsels insistence upon filing what amounts to the same objectionable Disclosure Statement over and over again without correcting any of the mistakes or addressing the concerns raised by the Court and/or creditors, seems to violate F.R.B.P. 9011 and Summit Bank reserves all rights under said rule.

## II. GENERAL LAW REGARDING APPROVAL OF DISCLOSURE STATEMENTS

"The primary purpose of a disclosure statement is to give creditors the information they need to decide whether to accept the plan." *In re Diversified Investors Fund XVII* 91 B.R. 559, 556 (Bankr. C.D.Cal.1988); *In re Monnier Bros*. 755 F 2d 1336, 1342 (8th Cir. 1985); *Century Glove, Inc. v. First American Bank of New York* 860 F 2d 94, 100 (3rd Cir. 1988).

To approve a disclosure statement, the court must first determine that it contains "adequate information" *In re Unichemcorp.* 72 B.R. 95, 96 (Bankr. N.D. Ill 1987); *Matter of Texas Extrusion Corp*. 844 F 2d 1142, 1157 (5th Cir. 1988). The court's determination in order to approve or disapprove a disclosure statement is a "core proceeding" 28 U.S.C. §157 (b)(2).

The adequacy of information provided in a disclosure statement is judged by a hypothetical investor standard. "Adequate information" means information of the kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records to enable a "hypothetical investor" typical of the holders of claims and interests in the case to make an informed judgment about the plan. 11 U.S.C § 1125(a)(1).

Approval of a disclosure statement and the adequacy of information contained therein should be determined on a case by case basis. The court should take a practical approach as to what is "adequate" based on the circumstances of each case, "such as the cost of preparation of the statements, the need for relative speed and solicitation and confirmation, and of course the need for investor protection." *In re Diversified Investors Fund XVII* 91 B.R. 559, 556 (Bankr.

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013

-2-

Case: 12-46534    Doc# 436    Filed: 11/27/13    Entered: 11/27/13 11:07:54    Page 2 of 7

C.D.Cal.1988).

In determining whether a disclosure statement provides adequate information, the court "shall" consider the: complexity of the case; benefit of additional information to creditors and other parties in interest; and cost of providing additional information. 11 U.S.C. § 1125(a)(1).

### III. OBJECTIONS TO DISCLOSURE STATEMENT

#### A. General Objections to the Disclosure Statement

While plan objections are generally reserved and considered at the confirmation hearing, "this approval of the adequacy of the disclosure statement may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible." *In re Cardinal Congregate I,* 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990); *In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D. NY 1992).

Summit asserts that the Disclosure Statement describes a plan that is "fatally flawed." The Plan and Disclosure Statement are premised upon a refinance of the Debtor's properties in order to pay off the Debtor's creditors. The Disclosure Statement attaches to it a Conditional Commitment Letter from Thorofare Capital. There is no binding commitment from Thorofare Capital upon which creditors can base any analysis of the Debtor's prospects in confirming the Plan. The Debtor has been telling the Court and creditors that it has a refinance commitment the entire time it has been in bankruptcy and yet nothing has ever actually been presented to the Court. The Debtor has never filed a financing motion, never presented any form of actual loan commitment nor present any form of loan documents. Further, the Debtor's cash flow projections show that the Debtor has insufficient cash flow through 2014. The only way the Debtor survives based upon its own projections is by living off the interest reserve provided for under the alleged refinancing from Thorofare Capital.

Further, the Debtor inexplicably continues to grossly under report the amount of administrative expenses which will have to be paid on the Effective Date of the Plan. The Debtor's Disclosure Statement indicates on its fact that it will most likely have insufficient funds available to pay administrative claims on the Effective Date. Notwithstanding having information from the Trustee and Trustee's counsel regarding the amount of the administrative expense claims,

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013

-3-

Case: 12-46534   Doc# 436   Filed: 11/27/13   Entered: 11/27/13 11:07:54   Page 3 of 7

the Debtor tries to downplay the magnitude of actual administrative expense claims and chooses to footnote that fact and then use a lower number which works with the amount of money that the Debtor asserts it will have available on the Effective Date. The Debtor then attempts to somehow cure this huge problem by indicating that insiders will sell a certain unidentified parcel of property in Hawaii and use the money to pay for the administrative expense claims. However, the Debtor does not identify the property, provides no information regarding its value, provides no information regarding the liens against it and no estimate of how much money will actually be derived from the sale, if any, and when that money might be available. The Debtor attempts to fix this problem by then saying that if the property is not sold by the Effective Date, that the insiders will simply deed the property to the Debtor. Obviously, this does little to rectify the problem of the Debtor not having any funds available to pay administrative expense claims.

In addition, the Debtor's Plan and its alleged refinance is premised on being able to provide its proposed lender with first deed of trust to secure the proposed refinancing loan. The Debtor's Plan also proposes to continue to allow Summit to retain its first priority deed of trust which is obviously inconsistent with the requirements of the Debtor's proposed refinance lender.

### B. Specific Objections to Disclosure Statement

The Debtor's Disclosure Statement continues to give misleading and incomplete information to creditors regarding the status of the alleged lease between the Debtor and Pacific Trading Ventures, Inc. The Disclosure Statement should inform creditors that the Trustee successfully sought and obtained from the Court a preliminary injunction which has the effect of removing Pacific Trading Ventures, Inc. and Randall Whitney from having anything to do with regard to the properties and the collection of rents.

The Disclosure Statement continues to reference the fact that post-confirmation the Debtor will hire a senior financial executive or a real estate professional to act as the Reorganized Debtor's CEO. Again, after nearly five months since the filing of the original Disclosure Statement and Plan, the Debtor still has not identified who this senior financial executive or real estate professional will be.

///

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013

-4-

Case: 12-46534    Doc# 436    Filed: 11/27/13    Entered: 11/27/13 11:07:54    Page 4 of 7

The Disclosure Statement contains conflicting information regarding the Effective Date of the Plan. The defined term "Effective Date" of the Plan is defined to mean "the date not later than ninety (90) days following the date upon which the Confirmation Order becomes a Final Order," however, other places in the Disclosure Statement define the Effective Date as January 15, 2014.

The Disclosure Statement continues to provide factually incorrect and misleading information to creditors regarding the events leading up to Debtor's bankruptcy filing. The Debtor continues to provide factually incorrect information regarding Summit Bank's alleged refusal to honor payoff requests from the Debtor.

The description of the events leading to the bankruptcy filing continues to attempt to lay the blame for the Debtor's gross mismanagement of its assets and its inability to pay off its lenders at the feet of Summit Bank which is simply incorrect, misleading, argumentative and has no place in the Disclosure Statement

The Debtor's description of events since the filing of the bankruptcy case needs to be updated to provide succinct information regarding the status of the claims brought by the Trustee in the adversary proceeding, as well as providing detailed information regarding the preliminary injunction which the Court issued in favor of the Trustee.

The Disclosure Statement continues to have incomplete information regarding the Debtor's current financial condition. Notwithstanding the fact that the Disclosure Statement was filed in November of 2013, the Debtor's financial information only runs through the end of September of 2013.

The Disclosure Statement provides inaccurate information regarding the general unsecured claims and now completely omits from the Disclosure Statement is any unsecured claim of Summit Bank.

The Disclosure Statement and Plan are premised upon the alleged refinance loan from Thorofare Capital. However, the letter from Thorofare Capital, which the Debtor attaches to the Disclosure Statement, contains two difference financing amounts. Nowhere in the Disclosure Statement does the Debtor indicate to the creditors which of the two amounts the Debtor will supposedly borrow from Thorofare Capital. The exhibits indicate that loan documents will be

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013
-5-

Case: 12-46534   Doc# 436   Filed: 11/27/13   Entered: 11/27/13 11:07:54   Page 5 of 7

provided prior to November 13, 2013 and yet there are none.

The Disclosure Statement continues to provide little or no information regarding the post-confirmation management and disbursing agent. The Disclosure Statement continues to state that Loh Realty and the Oakland Office of Collier's International will act as the onsite manager and property manager for the properties. In support for this statement, the Debtor attaches blank forms from Loh Realty and Collier's International. There is still no information provided by the Debtor in the Disclosure Statement that confirms that either of these entities have <u>actually</u> <u>agreed</u> to provide any assistance to the Debtor.

The Disclosure Statement still continues to provide inadequate information regarding the tax consequences of the Debtor's proposed Plan. There is no information in the Disclosure Statement indicating what attempts were actually made by the Debtor's management to determine the tax consequences of the Plan, perhaps that is because it's highly likely that the Plan was not drafted by either the Debtor or Debtor's counsel.

The Debtor's liquidation analysis continues to be incomplete and suspect. In the latest iteration of the Disclosure Statement, many of the debts owing to the Debtor by former insiders are now mysteriously gone from the analysis.

## IV. CONCLUSION

The Debtor and Debtor's counsel continue to waste the Court's time and drive up administrative expenses as well as the attorneys' fees of the secured creditors in having to respond to patently flawed disclosure statements that are serially filed and do little or nothing to address problems pointed out by the Court and creditors. The current iteration of the Disclosure Statement continues to not contain "adequate information" as required by 11 U.S.C. § 1125 and also continues to describe a Plan that is unconfirmable and on that basis, the Disclosure Statement should not be approved.

Dated: November 26, 2013          KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By:/s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Secured Creditor Summit Bank

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013

-6-

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 27, 2013, I served the following documents:

**SUMMIT BANK'S OBJECTION TO DEBTOR'S THIRD AMENDED DISCLOSURE STATEMENT IN SUPPORT OF THIRD AMENDED PLAN OF REORGANIZATION DATED NOVEMBER 13, 2013**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

| | |
|---|---|
| Lynette C. Kelly | Anne-Leith Matlock |
| U.S. Office of the U.S. Trustee | Kathrin R. Dimas |
| 1301 Clay Street | Matlock Law Group |
| Oakland, CA 94612 | 1485 Treat Blvd, Suite 200 |
| | Walnut Creek, CA 94597 |

SEE ATTACHED SERVICE LIST

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of November, 2013 at Oakland, California.

/s/ Gail A. Michael

Objection to Third Amended Disclosure Statement in Support of Third Amended Plan of Reorganization dated November 13, 2013

-7-

Case: 12-46534  Doc# 436  Filed: 11/27/13  Entered: 11/27/13 11:07:54  Page 7 of 7