**Matlock Law Group, P.C.**
Anne-Leith Matlock, SBN 244351
K. Brian Matlock, SBN 243812
Kathrin Dimas, SBN 263316
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Tel.:   (925) 944-7131
Fax:    (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Debtor
Pacific Thomas Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 12-46534 |
| Pacific Thomas Corporation | Chapter 11 |
| Debtor. | **DEBTOR'S STATUS UPDATE REGARDING ITS THIRD AMENDED DISCLOSURE STATEMENT** |
| | Date:  December 12, 2013<br>Time:  1:00 p.m.<br>Place: **Courtroom 215** |
| | Judge: Hon. M. Elaine Hammond |

On November 13, 2013, Debtor filed its Third Amended Disclosure Statement that Bank of the West and Summit Bank objected to on November 27, 2013. Debtor hereby provides the Court with Debtor's Third Amended Disclosure Statement Status Update regarding its Third Amended Disclosure Statement and replies to the objections to its Third Amended Disclosure Statement thereto as follows:

Page **1** of **6**

Debtor's Status Update                                                                           Case No. 12-46534

### 1. Thorofare's Updated Loan Commitment

Debtor has recently received a slightly revised loan commitment letter that Debtor believes will resolve the objection creditors' concerns regarding the reliability and firmness of Thorofare's loan offer. The terms of the loan (Option A), i.e. loan amount, interest rate, loan term, etc., remain identical to Thorofare's conditional commitment letter as attached to Debtor's Third Amended Disclosure Statement. Attached as **Exhibit A** is a true and correct copy of Thorofare's updated commitment letter, which is not "speculative" in any way or form.

Debtor also respectfully points out that the Third Amended Disclosure Statement clarifies that the refinancing portion of the plan will be "through a proposed loan by Thorofare Capital (formerly referred to as Option A)." As such, Debtor clearly identified which loan amount the Debtor will be borrowing from Thorofare: $6,525,359, which **Exhibit A** confirms as well. Debtor will move the court to approve the proposed financing as soon as Debtor's Disclosure Statement was approved.

Furthermore, pursuant to *Nite Lite*, a provision in a plan providing for a sale of the reorganized debtor's assets upon default, i.e. if the Debtor is not able to repay the refinance loan on its maturity date, is sufficient and does not violate the feasibility standard. *In Re Nite Light Inns*, 17 B.R. 367, 370. Debtor's Third Amended Disclosure Statement and Proposed Plan contains a liquidation provision, which brings the plan in compliance with 11 U.S.C. § 1129(a)(11) and renders it feasible. See, *inter alia*, Section 3.04 and 4.02.1 of the Third Amended Disclosure Statement.

### 2. New Value from a Third-Party-Owned Hawaii Property Sufficient for Highest Estimated Administrative Claims Amount.

The Debtor respectfully points out that it fully and adequately disclosed the amount of administrative fees the Chapter 11 Trustee estimates and the amount the Debtor estimates the administrative fees at. Even if the administrative fees should be as high as $1,000,000, the Debtor has shown that it will have the necessary funds to pay all court-approved administrative claims. See Third Amended Disclosure Statement, p. 39:4-7.

//

Debtor also adequately disclosed where the new value will stem from, namely the sale of a Hawaii real property by an insider and attached a respective listing agreement as Exhibit O to its Third Amended Disclosure Statement. Nonetheless, Debtor hereby supplements further information regarding the Hawaii property. Attached hereto as **Exhibit B** are true and correct copies of preliminary title report for the different parcels that the Molokai property is comprised of. Attached as **Exhibit C** is a true and correct copy of the fully executed listing agreement. Thomas Land Investments agreed to deed the property over to the Debtor in the unlikely event that it should not be able to sell it prior to plan confirmation. See **Exhibit H**. Attached as **Exhibit I** are true and correct copies for the different parcels of the real property's 2013 tax assessments and a map showing said parcels, all of which were obtained from the Hawaii Information Service.

### 3. Debtor's Post-Confirmation Management

#### a. The Debtor's Search for a CEO

In its Third Amended Disclosure Statement, Debtor disclosed its objective search criteria for a Post-Confirmation CEO of the Debtor. Such disclosure is appropriate and adequate as it gives the creditors the information they need to decide whether they will trust Debtor's post-confirmation management. However, to provide further assurances for the parties in interest, the Debtor presents that it has the following persons involved in its ad hoc Executive Search Committee:

- Connie White, Community Staffing Resources
- Andrew Audet, Executive Search Consultant
- John Loh, Loh Realty
- James McMasters, Colliers International
- Dean Keller, Bancap Self Storage Group

The committee is currently considering several candidates and has not taken any decision yet. All candidates, however, have relevant background and experience and are highly qualified for the CEO position.

//

As stated in Debtor's Third Amended Disclosure Statement, the CEO will provide oversight and will be the key-decision maker with *final decision-making* authority for the Reorganized Debtor; Randall Whitney will merely provide assistance in the operation of the Reorganized Debtor's business.

Even though some creditors are attempting to depict Randall Whitney as not trustworthy and unable to run the Debtor's business operations, it should be noted that Debtor's pre-bankruptcy manager, Randall Whitney, is in fact highly recognized in the community for his work. Debtor respectfully points out again that Randall Whitney recently received a resolution form the City Council for the City of Oakland, California, for his outstanding work and involvement in the community. See **Exhibit D**.

### b. Leasing and Management Contracts

Attached hereto as **Exhibit E** is an updated leasing agreement from Colliers that is signed by a Collier representative to show that it agreed to offer services to the Debtor according to the terms of the agreement.

Attached hereto as **Exhibit F** is an updated management agreement from Loh Realty/Wellington Property Company, which is signed by Mr. Loh, with a redacted, but otherwise true and correct e-mail from Mr. Loh offering said agreement to Debtor.

### 4. Adequate Information was Provided Regarding the Related Adversary Case

Debtor respectfully points out that it disclosed sufficient information about adversary case no. 13-04079. First of all, Debtor wants to emphasize that it is not a party to said adversary proceeding but that the action was brought against Pacific Trading Ventures, Randall Whitney, and Jill Worsley. The injunction Summit Bank references in and basis its objection on, was heard the day Debtor's Third Amended Disclosure Statement was entered, and the injunction order was not docketed until several days thereafter. Even though Debtor specifically stated in its Third Amended Disclosure Statement that it only briefly summarized the case and pointed out that the court's "docket and the Orders should be consulted for an exact description of their contents and

terms. In the event of any discrepancy between this summary and the docket or the Orders, the terms of the docket and the Orders shall control…", the Debtor attaches hereto as **Exhibit G** for further disclosure the injunction order that was entered on November 18, 2013

5. **Treatment of Summit Bank's Claim in Debtor's Third Amended Disclosure Statement.**

By complaining about Summit Bank's unsecured claim being "now completely omit[ted] from the Disclosure Statement…", Summit Bank seems to overlook its treatment in Class 1.[1] Because of Summit Bank's representation that it has a valid and recent appraisal that supports their being fully secured, Debtor's Third Amended Disclosure statement currently estimates that Summit Bank's entire claim amount is secured. Nonetheless, Debtor states that "in the event that the Court enters a Final Order determining that the value of the Debtor's interest in the Summit Bank Note 1 Collateral is less than the Summit Bank's Claim amount, then the unsecured balance of the amount owed to Summit Bank (the balance of the Class 1 Claimant's Claim less the value of the Debtor's interest in the Summit Bank Note 1 Collateral) shall be paid under Class 6A of the Plan." Third Amended Disclosure Statement, p.42-43.

In light of the foregoing, Debtor respectfully requests that the Court approves the adequacy of Debtor's Third Amended Disclosure Statement.

Dated: December 5, 2013          Respectfully submitted,

Matlock Law Group, P.C.

By: /s/Anne-Leith Matlock
Anne-Leith Matlock, Esq.
Attorneys for Debtor

---

[1] Debtor also respectfully points out that Debtor's plan does not propose a refinance of the Summit Bank Collateral (and consequently no lump-sum payoff of the Summit Bank claim) but, instead, a repayment of Summit Bank's claim over the term of the plan. See Third Amended Disclosure Statement, p. 42.